ROBERT H. WENDORF *v.* DIAN WENDORF

[No. 3-975A198. Filed August 31, 1977.]

*Cecil B. Cohen, Stephen B. Cohen, Thomas R. Bullard, Cohen and Cohen,* of East Chicago, for appellant.

*Robert J. Walker,* of Chesterton, for appellee.

GARRARD, J.— This is an interlocutory appeal from a provisional order entered in a marriage dissolution proceeding. The husband argues that the court abused its discretion in the determination of the amounts to be paid by the husband for temporary maintenance and for support for the four minor children of the parties,[1] and for attorney fees pendente lite.[2] We affirm.

At the outset we reiterate three principles developed under prior law which apply with equal force to interlocutory orders of

1. IC 1971, 31-1-11.5-7.
2. IC 1971, 31-1-11.5-16.

this nature entered in proceedings under the Marriage Dissolution Act, IC 1971, 31-1-11.5-1 et seq. (Burns 1977 Supp.).

First, the determination of temporary maintenance and child support is committed to the sound discretion of the trial court even though the statute alters the common law duty of the husband to support the family regardless of the means of the wife. *See, Castor v. Castor* (1975), 165 Ind. App. 520, 333 N.E.2d 124.

Secondly, on appeal we will consider the evidence most favorable to the court's decision. We will then reverse only where the decision is clearly against the logic and effect of the facts and circumstances before the court. *McFarland v. Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N.E.2d 752.

Finally, while the trial court's decision on temporary, or pendente lite, orders is reviewable for an abuse of discretion, in exercising its discretion the court may properly consider the temporary duration of the order. Thus, in matters of maintenance and support the court must consider the needs of the receiving party and the resources available to meet them. *See, e.g., Snider v. Snider* (1913), 179 Ind. 583, 102 N.E. 32; *Bill v. Bill* (1972), 155 Ind. App. 65, 290 N.E.2d 749. However, the court may also consider the prospective temporary duration of the order and the ability for further modification should that become necessary. It does *not* establish an abuse of discretion per se that a temporary order for support requires a husband to exceed his present earnings and invade his assets or borrow funds. *Bill v. Bill, supra; cf., Crowe v. Crowe* (1965), 247 Ind. 51, 211 N.E.2d 164. Moreover, the broader purpose of a support award, within the limitation of available resources, is to provide for minor children the standard of living they would have enjoyed had the marriage not been dissolved. IC 1971, 31-1-11.5-12(a)(2).

The court ordered the husband to pay temporary support and maintenance for four minor children and the wife in the amount of $200 per week. The husband attacks this figure on two grounds.

First, that the wife failed to establish need for this amount, and secondly that the court ignored his ability to pay.

As to the family's need, it is clear the wife was unemployed and had no special qualifications for employment. While there is some conflict in the evidence, that favoring the result and detailing the cost of operating the household was ample to support a figure of two hundred dollars ($200) per week.[3]

Husband next argues that, assuming arguendo a two hundred dollar ($200) order was justified by need, it was an abuse of discretion to find he could pay this amount. The principal misconception in this argument, maintained throughout appellant's brief, is that the trial court may look only to a party's current weekly net earnings in determining what he may reasonably pay for support.

The evidence established that the husband currently received weekly paychecks in the amount of $225 as director of operations for American Transit Lines, Inc. He grossed another $1,000 per month as vice president of Calumet Storage and Transfer Corp. From this latter salary, $850 per month was paid to a former wife pursuant to an Illinois decree.[4] However, the evidence viewed most favorably to the wife also established the following: The husband received bonuses from his employer, the 1975 bonus having been $4,000. He had additional income from sale of commodoties

---

3. Husband suggests that the provisional order which also provided that he "shall be responsible for keeping current all marital debts previously incurred by the Parties including but not limited to Alden's, Penny's and May's" greatly increases the amount of the award and requires him to make the payments on wife's car and trailer while allowing her the funds to do so within the $200 order. No effort has been made to specifically present this issue with cogent argument and recitation of facts coupled with citations to the record as required by Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). The record shows that the husband was not liable separately for the trailer payments. No evidence was presented as to how title to the wife's automobile was held or as to whether the husband was a primary obligor for the indebtedness upon it. The suggestion that we should construe the court's order as requiring the husband to separately pay debts included in the allowance made to the wife so we might then find the order unreasonable is untenable. On the contrary, where such an ambiguity arguably exists, the order should be given the construction making it lawful.

4. Husband also urges that the decision fails to give full faith and credit to this decree. This argument has no merit. The court expressly stated that it took the Illinois decree into consideration, and the result is sustained without inclusion of this $850 per month as an available resource to the husband.

such as steel and anti-freeze. Profit on these transactions in 1975 had been approximately $2,800. In 1975 his tax refund was $3,200. He was owed $393 from an individual which was to be paid within ninety days. Additionally, the evidence established that in 1974 he had purchased a motor home for $10,000 cash. In 1975 he had paid $4,000 for cosmetic surgery for the wife and had purchased a $12,000 boat on credit. From this evidence the court could reasonably infer his ability to pay the necessary temporary support and maintenance of $200 per week.[5]

Finally, it is argued that the court erred in ordering the husband to pay $500 as attorneys' fees for the benefit of the wife's attorneys.

IC 1971, 31-1-11.5-16 provides:

> "The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [31-1-11.5-1 — 31-1-11.5-24] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name."

It vests the court with broad discretion in awarding allowances for attorney fees. In exercising this discretion the court may look to the superior earning power of one of the parties. While it must consider the resources of the party for whose benefit the order is sought, that a wife has assets from which payment could be made does not, *standing alone*, make an award for her benefit improper. *See, Brown v. Brown* (1973), 157 Ind. App. 672, 301 N.E.2d 400.

From our discussion of the support issue, it is apparent that the evidence did not establish such an inability to pay on the part of the husband that the award was an abuse of discretion on that account. Nor do we find it such from the husband's assertion that the wife owned a fur coat which she might have sold to pay the fees.

---

5. Husband introduced no specific evidence of his assets, or net worth, nor did he offer evidence of how much of the amounts deducted from his gross pay were involuntary or why his income taxes had been overpaid by more than $3,000.

Husband also challenges the award upon the basis that it was made in accordance with the Porter County Bar schedule, rather than upon testimony of the services performed and their reasonable value. We have heretofore recognized the acceptability of determining preliminary fee allowances on a more-or-less standardized approach whereby the court may take judicial notice of the minimum necessary effort and reasonable value thereof in the community, unless the petitioner wishes to produce evidence as to the unusual character of the case in question. *Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41; *Castor v. Castor* (1975), 165 Ind. App. 520, 333 N.E.2d 124; *Northup v. Northup* (1972), 154 Ind. App. 469, 290 N.E.2d 501. Husband does not dispute the value of the services. He has not demonstrated an abuse of discretion.[6]

The decision is affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 366 N.E.2d 703.

---

6. Husband asserts use of the bar schedule is an anti-trust violation under *Goldfarb v. Virginia State Bar Ass'n.* (1975), 421 U.S. 773, 95 S. Ct. 2004, 44 L. Ed.2d 572. We find the point waived since we have not been supplied with either the terms or operation of the schedule nor any attempt to establish how *Goldfarb* may be applicable.