**Jeffrey MOSLEY, Appellant–Respondent,**

v.

**Julie MOSLEY, Appellee–Petitioner.**

**No. 32A01–0812–CV–583.**

Court of Appeals of Indiana.

May 22, 2009.

Janice E. Smith, Indianapolis, IN, Attorney for Appellant.

Daniel F. Zielinski, Steuerwald, Zielinski & Witham, Danville, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Jeffrey Mosley ("Husband") appeals from the trial court's provisionary order in his dissolution case with Julie Mosley ("Wife"). He raises the following issue on his interlocutory appeal:[1] whether the trial court abused its discretion when it ordered Husband to pay certain marital obligations during the pendency of the dissolution proceedings.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married in September 2000, and two children were born during the marriage. Wife filed a petition for dissolution on September 5, 2008, and Husband filed a cross-petition for dissolution on September 22, 2008. At the time of the dissolution petition, Husband's weekly gross income was $1,031.00, and Wife had a weekly gross income of $1,092.00. The parties had two mortgages on their marital residence, one which had a monthly obligation of $1,936.20 and the other with a monthly obligation of $260.71.

The parties also had a mortgage on a rental property with a monthly obligation of $720.50. At the time of the dissolution proceedings, a tenant was leasing the property for $1,000.00 per month. The parties also had four vehicles: a 2004 Honda Civic; a 2007 Toyota Tacoma, a Nitro bass boat; and a motorcycle; the only one on which money was owed was the Toyota Tacoma with a monthly obligation of $400.01. The parties also had an account at Best Buy, toward which they had been paying $100.00 per month.

On November 12, 2008, after a preliminary hearing was held, the trial court issued a provisional order, which assigned custody of the children, parenting time, child support, and the marital debt for the pendency of the dissolution proceedings. Wife was allowed to retain possession of the marital residence, and the two mortgages were to be shared equally between the parties, making their monthly obligation $1,098.46 each. Wife was given possession of the 2004 Honda Civic and the motorcycle. Husband was given possession of the Nitro bass boat and the 2007 Toyota Tacoma and was responsible for the $400.01 monthly obligation on the Toyota. Husband was ordered to be solely responsible for the Best Buy account. As to the rental property, Husband was ordered to be responsible for collecting the rent due each month and insuring that the mortgage payment was timely paid regardless of whether the tenant paid rent in a timely manner. Husband now appeals.

## DISCUSSION AND DECISION

"Initially, we note that a provisional order is designed to maintain the status quo of the parties." *Bertholet v. Bertholet*, 725 N.E.2d 487, 498 (Ind.Ct.

---

1. Husband's appeal is an interlocutory appeal as of right pursuant to Indiana Appellate Rule 14(A) as it is an appeal from an interlocutory order for the payment of money.

App.2000). A provisional order is temporary in nature and terminates when the final dissolution decree is entered or the petition for dissolution is dismissed. Ind. Code § 31–15–4–14. The determination of temporary orders in a dissolution proceeding is committed to the sound discretion of the trial court, and it can issue orders for temporary maintenance or support, temporary restraining orders, custody orders, and orders for possession of property to the extent it deems just and proper. Ind. Code § 31–15–4–8; *Wendorf v. Wendorf,* 174 Ind.App. 172, 173, 366 N.E.2d 703, 704 (1977). On appeal, we will consider only the evidence most favorable to the trial court's decision. *In re Marriage of McDonald,* 415 N.E.2d 75, 79 (Ind.Ct.App. 1981); *Wendorf,* 366 N.E.2d at 705. We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances before the court. *McDonald,* 415 N.E.2d at 79; *Wendorf,* 366 N.E.2d at 705.

■ Husband argues that the trial court abused its discretion when it issued its provisional order and assigned certain of the marital debt obligations to him. He specifically contends that it was an abuse of discretion to allow Wife to have possession of the marital residence and to order him to pay half of the mortgage obligation on the residence in addition to his monthly rent for separate housing. He also claims that the trial court abused its discretion when it ordered him to be responsible for the total mortgage on the rental property even if the tenant failed to pay the monthly rent. He asserts that the trial court's provisional order did not distribute the marital debt in an equitable fashion and that the parties should share the monthly obligations equally.

■ As previously stated, a trial court has broad discretion in issuing provisional orders. I.C. § 31–15–4–8; *Wendorf,* 366

N.E.2d at 704. Although we may review such interlocutory orders, we will only disturb the trial court's order where there has been a clear abuse of discretion. *Welling v. Welling,* 257 Ind. 120, 133, 272 N.E.2d 598, 605 (1971). Great deference is given to the trial court's decision in provisional matters, as it should be. The trial court is making a preliminary determination on the basis of information that is yet to be fully developed. A provisional order is merely an interim order in place during the pendency of the dissolution proceedings, which terminates when the final dissolution decree is entered. I.C. § 31–15–4–14. Any disparity or inequity in a provisional order—can and should—be adjusted in the trial court's final order.

In the present case, we conclude that the trial court was within its discretion when it issued its provisional order. It ordered Husband to be responsible for the vehicle of which he was given possession, the Best Buy account, his own rent, and half of the mortgage obligations on the marital residence. He was only obligated to pay the mortgage on the rental property if the tenant failed to pay the monthly rent. The trial court did not abuse its discretion.

Affirmed.

RILEY, J., and MATHIAS, J., concur.