**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 25 2013, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRIAN W. WALKER**
**CHERYL N. KNODLE**
Ball Eggleston P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**JONATHAN R. DEENIK**
**MONTY K. WOOLSEY**
Cross, Pennamped, Woolsey & Glazier, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN J. FULLER, | ) | |
| | ) | |
| Appellant/Cross Appellee, | ) | |
| | ) | |
| vs. | ) | No. 12A04-1205-DR-251 |
| | ) | |
| CARRIE R. FULLER, | ) | |
| | ) | |
| Appellee/Cross Appellant. | ) | |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Justin H. Hunter, Judge
Cause No. 12D01-0907-DR-312

**February 25, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Shawn Fuller ("Husband") initiated contempt proceedings in Clinton Superior Court against his former wife, Carrie Fuller ("Wife"), after she failed to comply with the terms of the parties' dissolution decree. The trial court found Wife in contempt, in part, for failing to pay the mortgage payments on Husband's residence. Husband appeals the trial court's order awarding him a judgment equaling the debt remaining on the marital residence rather than the appraised value of the residence on the date of foreclosure. Wife also cross-appeals and raises several arguments, which we restate as:

I. Whether the trial court impermissibly modified the parties' Settlement Agreement when it ordered Wife to make a lump sum payment to Husband in the amount of the mortgage debt owed on the residence rather than periodic installment payments;

II. Whether the trial court abused its discretion when it ordered her to pay all fees and costs resulting from the foreclosure proceedings;

III. Whether the trial court abused its discretion when it found her in contempt for failing to make payments to Husband from her annuity as provided for in the parties' settlement agreement;

IV. Whether the trial court abused its discretion when it found Wife in contempt for failing to pay a debt owed to Gunstra Builders;

V. Whether the trial court abused its discretion when it ordered Wife to pay Husband's attorney fees; and,

VI. Whether the trial court abused its discretion when it included the annuity payments as income for the purpose of calculating the parties' weekly child support obligation.

We affirm the judgment of the trial court.

**Facts and Procedural History**

The parties' marriage was dissolved in 2010. The parties entered into a Settlement Agreement to effectuate the division of their marital assets and debts, and the agreement

was incorporated into the parties' final dissolution decree. The Agreement contains the following provisions relevant to this appeal:

> Husband shall have possession of the home located at 658 West Antioch Road, Frankfort, Indiana. Wife shall pay the monthly payment on this home. Wife shall apply $30,000 to this mortgage on January 15, 2011, and shall pay the balance of the first mortgage on or before January 15, 2013. The $30,000 shall come from Wife's lump sum annuity she receives on January 1, 2011 and January 1, 2013.
> In the event the Husband sells this home before Wife pays the balance due, Wife shall continue the monthly payments directly to Husband, instead of the mortgage company, until the balance is paid in full. Wife will quit claim her interest in said property to Husband.
> [] Wife shall have possession and shall be responsible for all the debt on the real property located at 475 E. County Road 425 North, Frankfort, Indiana. This property was recently destroyed in a fire. Wife shall be responsible for making all insurance claims for the real estate and personal property located therein, and the Husband shall have no further interest in any insurance claims for the loss of value of the real estate or personal property located at this residence.
> ***
> [] John Hancock Structured Settlement. The Wife is currently the owner of a John Hancock Structured Settlement. The parties agree that the Husband shall receive 25% of the Structured Settlement through a QDRO.

Appellant's App. p. 28.

On January 10, 2011, Husband filed a petition requesting that the trial court find Wife in contempt for 1) failing to make the monthly payments on the Antioch Road home, which resulted in foreclosure proceedings, 2) failing to pay the debt owed on the 475 W. County Road property, 3) failing to remit 25% of her annuity payments to Husband, and 4) failing to make payments on a horse trailer that Wife was ordered to pay in the provisional order prior to entry of the final decree. A contempt hearing was held on May 31, 2011, but was continued to a later date.

Husband filed a second petition alleging that Wife was in contempt of court on June 30, 2011. Husband stated that the Antioch Road home had been sold at a sheriff's sale and alleged that Wife had incurred bills in Husband's name that were past due. Wife filed a petition to modify child support on September 6, 2011. A hearing on all pending matters was held on November 2, 2011.

On February 22, 2012, the trial court issued an order concluding that Wife was in contempt of court for failing to pay the mortgage on the Antioch Road home. The trial court concluded that the mortgage due on the home on the date of foreclosure was $53,549.63, and entered a judgment in favor of Husband for that amount. Wife was also found in contempt for failing to pay the debt owed to Gunstra Builders for the home on County Road 425 North that was destroyed by fire. And Wife was held in contempt for failing to pay Husband 25% of her structured annuity payments. Because Husband incurred attorney fees to enforce the parties' agreement concerning Husband's share of the annuity, Wife was ordered to pay Husband's attorney fees in the amount of $7238. The court also determined that Wife should bear sole responsibility for the debt on the horse trailer. Finally, the trial court retroactively modified Wife's child support obligation and ordered her to pay $145.75 per week.

Both parties filed a motion to correct error, which motions the trial court denied on April 27, 2012. Husband and Wife both appeal the trial court's February 22, 2012 order. Additional facts will be provided as necessary.

## Standard of Review

Neither party requested findings of fact and conclusions of law. Rather, the trial court entered findings and conclusions sua sponte. When a trial court enters special findings and conclusions sua sponte, the specific findings and conclusions control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. Estudillo v. Estudillo, 956 N.E.2d 1084, 1089 (Ind. Ct. App. 2011) (citing Yanoff v. Muncy, 688 N.E.2d 1259, 1262 (Ind. 1997)). When a trial court has made findings of fact, we apply a two-tier standard of review: whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions thereon. Id. We will set aside findings only if they are clearly erroneous. Id. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Id. To determine that a finding or conclusion is clearly erroneous, an appellate court's review must leave it with the firm conviction that a mistake has been made. Id. We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. Tew v. Tew, 924 N.E.2d 1262, 1264-65 (Ind. Ct. App. 2010), trans. denied.

## I. The Antioch Road Residence

Husband argues the trial court abused its discretion when it entered a judgment against Wife for $53,549.63, the amount of debt owed on the residence rather than its fair market value. Wife does not challenge the judgment amount, but claims that she should have been ordered to pay the judgment in monthly installments. Wife contends that ordering her to pay the balance of the mortgage owed in one lump sum impermissibly

5

modified the parties' settlement agreement. Wife also argues that the trial court abused its discretion when it ordered her to pay all fees and costs associated with the foreclosure.

A. *The Judgment*

Wife concedes that she failed to make the payments on the Antioch Road residence as provided in the parties' Settlement Agreement. The Bank foreclosed on the property not only because the mortgage was not paid, but also because the real estate taxes were not paid. Husband was responsible for paying the real estate taxes on the property. Husband paid the taxes before the Sheriff's sale took place, but the mortgage payments and the Bank's foreclosure fees had not been paid; therefore, the Antioch Road home was sold at the Sheriff's sale. Husband testified that the home sold for more than was owed, but did not submit evidence to establish the precise amount the home sold for at the Sheriff's sale.

Although we are sympathetic to Husband's argument that he should have been awarded a judgment equaling the fair market value of the residence, Husband failed to present evidence to establish as to what the fair market value of the home was on the date of the Sheriff's sale in May 2011. Husband submitted an appraisal of the home, but the appraisal was completed in October 2009, over eighteen months before the home was sold. The 2009 appraised value is not credible evidence of the home's fair market value in May 2011. For this reason, we conclude that the trial court properly awarded Husband $53,549.63, the amount of debt owed on the residence.

6

B. *Wife's cross-appeal*

In her cross-appeal, Wife argues that the trial court impermissibly modified the parties' Settlement Agreement when it ordered her to pay the lump sum judgment to Husband, rather than installment payments.[1] In support of her argument, Wife relies on the provision in the Agreement stating that if Husband sells the home "before Wife pays the balance due, Wife shall continue the monthly payments directly to Husband . . . until the balance is paid in full." Appellant's App. p. 28.

As we consider Wife's arguments, we first observe that the parties' Settlement Agreement is silent concerning the circumstances presented in this case. Wife argues that Husband is only entitled to monthly installment payments under the terms of the agreement, yet fails to acknowledge the effect of her breach of that agreement through her failure to pay the mortgage on the Antioch Road residence. We conclude that the trial court acted within its discretion by ordering Wife to make a lump sum payment to Husband where Wife's breach of the Settlement Agreement resulted in the Sheriff's sale of Husband's residence. Cf. Bernel v. Bernel, 930 N.E.2d 673, 684 (Ind. Ct. App. 2010) (holding that "[a] money judgment is within the dissolution court's authority to enforce the settlement agreement where, as here, the findings establish that Husband interfered with Wife's access to a marital property award and the award was for a sum certain and not subject to a decline in the market value of securities"), trans. denied.

---

[1] Wife correctly observes in her brief that "'property distribution settlements approved as part of a dissolution may be modified only where both parties consent or where there is fraud, undue influence, or duress.'" Br. of Cross-Appellant at 13 (quoting Ryan v. Ryan, 972 N.E.2d 359, 362 (Ind. 2012)).

Wife also argues that the trial court abused its discretion when it ordered her to pay the expenses due as a result of the foreclosure, including all fees and costs. Specifically, she contends that the foreclosure expenses should be divided equally between the parties because Husband's failure to pay the property taxes also contributed to foreclosure of the property.

However, Husband paid the property taxes due prior to the Sheriff's sale. Even if he had paid the foreclosure costs and fees at issue, the foreclosure would have proceeded due to Wife's failure to make the monthly mortgage payments. Moreover, Wife was found in contempt for failing to make those payments, and does not challenge that finding on appeal. And, importantly, Husband's failure to pay the expenses associated with the foreclosure proceedings would not have halted the Sheriff's sale. See Van Bibber Homes Sales v. Marlow, 778 N.E.2d 852, 859 (Ind. Ct. App. 2002) (quoting Stropes by Taylor v. Heritage House Childrens Center of Shelbyville, Inc., 547 N.E.2d 244, 247 (1989)) ("'The law does not require the doing of a useless thing.'"), trans. denied.[2] For these reasons, we conclude that the trial court did not abuse its discretion when it ordered Wife to pay all costs and fees associated with the foreclosure. See Phillips v. Delks, 880 N.E.2d 713, 720 Ind. Ct. App. 2008) (stating "[o]nce a party has been found in contempt of court, monetary damages may be awarded to compensate the other party for injuries incurred as a result of the contempt").

---

[2] For this reason, we do not separately address Wife's argument that Husband had "unclean hands."

## II. Contempt

To be held in contempt, a party must have willfully disobeyed a court order. Hamilton v. Hamilton, 914 N.E.2d 747, 755 (Ind. 2009). The order allegedly violated must have been so clear and certain that there could be no question as to what a party must do, or not do, and so there could be no question regarding when the order is violated. Swadner v. Swadner, 897 N.E.2d 966, 973 (Ind. Ct. App. 2008). In the absence of a money judgment, contempt is an available remedy for noncompliance with a dissolution decree. See Ind. Code § 31-15-7-10; Mitchell v. Mitchell, 871 N.E.2d 390, 395 (Ind. Ct. App. 2007). The determination of whether a party is in contempt is a matter left to the discretion of the trial court. Id. We will reverse a trial court's contempt findings only if there is no evidence or inferences drawn therefrom to support them. Id.

Wife was found in contempt for failing to pay the debt owed to Gunstra Builders. In the parties' Settlement Agreement, which was incorporated into the final decree, Wife agreed to be responsible for all the debt on the real property located on County Road 425 North, and this debt was owed to Gunstra Builders. The property was destroyed by fire before the parties entered into the agreement. The parties could have, but did not agree, that Wife could delay payment of the debt on the property until the related insurance claims are settled. As a result of Wife's failure to pay said debt, Gunstra Builders obtained a judgment against both Husband and Wife, jointly and severally, in the amount of $18,637.99, and Husband "has been garnished [sic] by" Gunstra for the sum of $6,137.37. Appellant's App. p. 18. Under these facts and circumstances, we conclude

9

that the trial court did not abuse its discretion when it found Wife in contempt for failing to pay the debt owed to Gunstra Builders.

Wife was also held in contempt for failing to make payments to Husband from her annuity as required by the parties' Settlement Agreement. Wife agreed that the Husband would receive 25% of her John Hancock Structured Settlement through a QDRO. However, the parties later learned that the annuity company would not accept a QDRO. Thereafter, Wife refused to make a 25% distribution to Husband directly from her annuity payments. Husband was required to hire an attorney to assist him in obtaining of his portion of Wife's annuity.

Wife argues that the Agreement's provision is ambiguous, and she was unable to fulfill the terms of the agreement because the company would not accept a QDRO. However, the agreement clearly reflects the parties' intent that Husband would receive 25% of Wife's structured settlement. Wife could have easily effectuated the intent of the agreement by forwarding 25% of her periodic payments to Husband, but refused to do so. Wife also failed to take any steps to ensure that Husband would receive his 25% portion of the marital asset. Husband was therefore required to hire counsel and incurred attorney fees to obtain his 25% of Wife's annuity. For these reasons, we conclude the trial court did not abuse its discretion when it found Wife in contempt as to this issue.

The trial court also determined that Wife was in contempt of court for failing to pay the debt owed on the parties' horse trailer. Wife was ordered to pay the debt on the horse trailer in the trial court's provisional order. There is no mention of the horse trailer in the parties' Settlement Agreement. Husband testified that prior to entering into the

10

agreement, Wife stated that the trailer had been repossessed and debt on the horse trailer was paid off. Tr. p. 60. After the parties' marriage was dissolved, Husband received a notice that the money was still owed on the trailer.

Wife argues that she could not be held in contempt for her failure to pay the debt on the trailer because a provisional order terminates when the final decree is entered. Trent v. Trent, 829 N.E.2d 81, 85 (Ind. Ct. App. 2005). See also Ind. Code § 31-15-4-14 (2012); Mosely v. Mosely, 906 N.E.2d 928, 930 (Ind. Ct. App. 2009) ("A provisional order is temporary in nature and terminates when the final dissolution decree is entered or the petition for dissolution is dismissed."). However, an obligation accrued prior to the final decree survives. In re Marriage of Dean, 787 N.E.2d 445, 448 (Ind. Ct. App. 2003), trans. denied. Wife was ordered to pay the debt on the trailer, acknowledged that obligation, and deliberately misled Husband when she told him that the debt was paid.

For all of these reasons, we conclude that the trial court acted within its discretion when it found Wife in contempt for willfully disobeying orders of the court. We also observe that Wife does not challenge the trial court's contempt finding concerning her failure to pay the mortgage payments on the Antioch Road residence.

### III. Attorney Fees

In her cross-appeal, Wife also claims that the trial court abused its discretion when it ordered her to pay Husband's attorney fees. Specifically, she argues that the fees were not incurred due to her contemptuous conduct by failing to provide Husband with his 25% share of her annuity. Rather, Wife contends that Husband's attorney assisted Husband in obtaining his 25% share through a partial sale of Wife's annuity after the

11

QDRO was rejected, and therefore, the attorney's services were "procured . . . to effectuate the intent of the parties' Settlement Agreement." Cross-Appellant's Br. at 17.

In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount for attorney's fees. Julie C. v. Andrew C., 924 N.E.2d 1249, 1261 (Ind. Ct. App. 2010); Ind. Code § 31-15-10-1. The trial court has broad discretion in awarding attorney's fees. Julie C., 924 N.E.2d at 1261. Reversal is proper only where the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. Id. In assessing attorney's fees, the trial court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors bearing on the reasonableness of the award. Id. In addition, any misconduct on the part of a party that directly results in the other party incurring additional fees may be taken into consideration. Id.

The basis for the award of attorney's fees is Wife's misconduct. Because Wife failed to effectuate the intent of the parties' Settlement Agreement by setting over 25% of her periodic annuity payments to Husband, Husband was required to hire an attorney to force a partial sale of the annuity in order to receive his share as bargained for by the parties in their agreement. In addition, the record establishes that Wife's financial resources are greater than Husband's. For these reasons, we conclude that the trial court did not abuse its discretion when it ordered her to pay Husband's attorney fees in the amount of $7,238.

The trial court also ordered Wife to pay Husband's attorney fees for the contempt proceedings in the amount of $3,600. Wife argues that ordering her to pay those attorney

12

fees was error because the trial court erred when it found her in contempt of court. Because we affirm the trial court's contempt finding, and because Wife's financial resources are greater than Husband's, we conclude that the trial court did not abuse its discretion when it also ordered Wife to pay Husband's attorney fees for the contempt proceedings.

## IV. Calculation of the Parties' Income for Child Support

Finally, Wife argues that the trial court erred when it included distributions from the annuity when calculating the parties' income for the purposes of child support. "A trial court's calculation of child support is presumptively valid." Young v. Young, 891 N.E.2d 1045, 1047 (Ind. 2008). A trial court's decision regarding child support will be upheld unless the trial court has abused its discretion. Sexton v. Sedlak, 946 N.E.2d 1177, 1183 (Ind. Ct. App. 2011), trans. denied. A trial court abuses its discretion when its decision is clearly against the logic and the effect of the facts and circumstances before the court or if the court has misinterpreted the law. Id.

"As a general matter, child support awards comporting with the Indiana Child Support Guidelines bear a rebuttable presumption of correctness." Quinn v. Threlkel, 858 N.E.2d 665, 670 (Ind. Ct. App. 2006). The Child Support Guidelines define "actual weekly gross income" as "income from any source" including "income from . . . annuities[.]" Ind. Child Supp. G. 3(A)(1). Moreover, "actual income" is "existing income currently received by a parent and available for his or her immediate use." Scoleri v. Scoleri, 766 N.E.2d 1211, 1216 (Ind. Ct. App. 2002) (citing Carmichael v. Siegel, 754 N.E.2d 619, 628 (Ind. Ct. App. 2001)).

13

The trial court included each party's portion of the annuity when it calculated their gross weekly incomes. Wife has not presented any argument that would persuade our court that the trial court abused its discretion in doing so, particularly where the court is instructed to do so by the Child Support Guidelines.[3] Accordingly, we affirm the trial court's calculation of Wife's child support obligation.

**Conclusion**

Wife's willful failure to abide by the terms of the parties' Settlement Agreement resulted in these contempt proceedings. Finding no error, we affirm the trial court's judgment in all respects.

Affirmed.

KIRSCH, J., and CRONE, J., concur.

---

[3] Wife's citation to Scoleri v. Scoleri, 766 N.E.2d 1211 (Ind. Ct. App. 2002) in support of her argument is unavailing. In that case, the trial court considered Father's early withdrawal from his 401(k) as income for the purpose of calculating child support. Although our court concluded that the funds constituted income "within the meaning of the" Guidelines, we held that under the unique facts of the case, the trial court erred when it utilized "Father's return for the early withdrawal of his 401(k) account in calculating his child support obligation." Id. at 1218. Specifically, we concluded that utilizing the funds in the calculating of Father's weekly gross income "would usurp the equitable split of the marital property in the summary dissolution decree" because the parties agreed that Father would retain his 401(k) IRA in exchange for Mother retaining the marital home. Id. at 1217-18. In this case, although the annuity was a marital asset, it divided between the parties in their Settlement Agreement and each party's income from the annuity is proportional to that division. In other words, including the annuity in the court's calculation of the parties' weekly gross income does not usurp the terms of the Settlement Agreement.

14