## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 12 2018, 5:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Angela L. Freel
Evansville, Indiana

ATTORNEY FOR APPELLEE

Kelly A. Lonnberg
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Marriage of

Jeffrey E. Nelson,

*Appellant-Respondent,*

v.

Julie A. Nelson,

*Appellee-Petitioner*

September 12, 2018

Court of Appeals Case No.
18A-DR-248

Appeal from the Vanderburgh
Superior Court

The Honorable Leslie C. Shively,
Judge

Trial Court Cause No.
82D01-1601-DR-32

**Altice, Judge.**

### Case Summary

[1]     The trial court entered a provisional order directing Jeffrey E. Nelson
(Husband) to pay $36,000 in expert and attorney fees to Julie A. Nelson (Wife).

In this interlocutory appeal, Husband presents three issues for our review, which we consolidate and restate as follows:

> 1. Is the trial court's provisional award of expert and attorney fees contrary to the terms of the parties' prenuptial agreement (the Agreement)?

> 2. Did the trial court err in stating that Husband could argue at the final hearing for a partial set-off of the fees awarded?

We affirm in part, reverse in part, and remand.

## Facts & Procedural History

Husband and Wife married in Illinois on April 28, 2012. The day before their marriage, the parties executed the Agreement, the purpose of which was "to define and limit the claims and demands each of the parties shall have against the estate of the other during their lifetime and after their death and in the event of a divorce, annulment, separation or dissolution." *Appellant's Appendix Vol. II* at 53. With regard to maintenance, the parties agreed as follows:

> 5. <u>No Maintenance</u>. In the event of a dissolution of marriage between the parties, both Husband and Wife waive the right to receive maintenance from the other and specifically waive any right to claim maintenance from any non-marital source of income of the other.

*Id*. The Agreement contained the following provision regarding attorney fees:

> 21. <u>Attorney Fees</u>. Should either party retain counsel in order to enforce or prevent breach of any provision of this Agreement,

that party shall be entitled to reasonable attorney fees and costs for services rendered if such party prevails.

*Id*. at 56.

[3] On January 8, 2016, Wife filed a Verified Petition for Dissolution of Marriage as well as a Motion for Provisional Order, in which she requested, among other things, a preliminary award of attorney fees. A hearing on Wife's motion was held on April 4 and 12, 2016. On May 2, 2016, the trial court issued a provisional order requiring Husband to pay $20,000 to Wife's counsel for present as well as prospective attorney fees incurred in the dissolution matter.[1] Husband did not appeal this order.

[4] On June 2, 2016, Wife filed an Application for Expert Witness Fees requesting funds to retain a real estate appraiser, an oil expert, a personal property appraiser, and possibly an oil equipment appraiser. The application was heard on June 17, 2016, as part of a hearing on Wife's Petition for Declaratory Judgment as to the meaning of separate property and gifts under the terms of the Agreement. Following the hearing, the court ordered Husband to pay $1075 to Wife for the appraisal of the parties' jointly-owned real estate and personal property. On June 27, 2016, the trial court entered its declaratory judgment order in favor of Wife, and Husband pursued an interlocutory appeal

---

[1] The order also provided that Husband was to pay Wife's rent payments in addition to a monthly sum of $2500 for maintenance. Husband was granted temporary possession of the marital residence and was ordered to be responsible for all debts and expenses associated therewith. He was also ordered to pay Wife's moving expenses as well as her hotel bill.

of that order.[2]  On August 4, 2016, Wife filed a petition seeking an award of additional attorney fees associated with the pending appeal.  After a hearing, the trial court ordered Husband to pay $6407.50 directly to Wife's counsel to cover appellate attorney fees incurred to that point.  Husband did not appeal this order.

[5]  On October 3, 2017, Wife filed an Information for Contempt[3] and Petition for Expert and Attorney Fees, seeking an award of additional attorney fees and an award of expert witness fees to retain a forensic accountant and a personal property appraiser.  Following a summary hearing on January 2, 2018, the court ordered Husband to pay $36,000[4] to Wife's counsel for expert and attorney fees.  The court also stated that Husband could argue for a set-off of $30,000 at the final hearing.  Husband filed his notice of appeal on January 30, 2018.  Additional facts will be provided as necessary.

## Discussion & Decision

[6]  Husband first argues that the trial court's provisional award of expert and attorney fees is contrary to the terms of the Agreement.  According to Husband, the clear and unambiguous language of the Agreement permitted an award of

---

[2] This court issued a memorandum decision affirming the trial court's interpretation of the Agreement with regard to separate property and gifts. *Nelson v. Nelson*, 82A01-1607-DR-1706 (Ind. Ct. App. Feb. 28, 2017).

[3] As the basis for the contempt citation, Wife asserted that Husband had abandoned the marital residence and failed to maintain it as previously ordered by the court.

[4] This amount included an outstanding balance of attorney fees previously ordered as well as an amount for current and anticipated attorney fees.

reasonable attorney fees only in the instance where counsel was retained to enforce or prevent breach of any provision of the Agreement and that party prevails in such action.

[7] A provisional order, in place only during the pendency of the proceedings, is designed to preserve the status quo. *Priore v. Priore*, 65 N.E.3d 1065, 1074 (Ind. Ct. App. 2016), *trans. denied*; Ind. Code § 31-15-4-14 (stating such an order "terminates when . . . the final decree is entered"). A trial court has broad discretion in issuing provisional orders for temporary maintenance or support. *Mosley v. Mosley*, 906 N.E.2d 928, 930 (Ind. Ct. App. 2009); *see* Ind. Code § 31-15-4-8(a) ("The court may issue an order for temporary maintenance or support in such amounts and on such terms that are just and proper."). We generally give great deference to the trial court's decision in provisional matters because it is making a preliminary determination on the basis of information that is not yet fully developed. *Mosley*, 906 N.E.2d at 930. Here, however, the trial court's discretion is limited by the premarital agreement governing the parties' relationship.

[8] Under Illinois law,[5] parties to the premarital agreement may contract with respect to their respective rights and obligations in any property, disposition of property upon marital dissolution, modification or elimination of spousal support, choice of law governing construction of the agreement, and "any other

---

[5] The parties agreed that the Agreement was to be interpreted in accordance with Illinois law.

matter, including their personal rights and obligations, not in violation of public policy or a statute imposing a criminal penalty, among other things." 750 Ill. Comp. Stat. Ann. 10/4 (West). Here, the stated purpose of Agreement "is to define and limit the claims and demands each of the parties shall have against the estate of the other during their lifetime . . . and in the event of a . . . divorce, annulment, separation or dissolution." *Appellant's Appendix Vol. II* at 53. The parties clearly intended for the provisions of the Agreement to be in full force and effect during a period of separation. Thus, the attorney fees provision of the Agreement, which entitles a party who has retained counsel to enforce or prevent the breach of the Agreement to payment of attorney fees by the other party *if* the first party prevails, governs Wife's request for attorney fees.

[9] As Wife has not prevailed in this ongoing action, she is not yet—if ever— entitled to the payment of her attorney fees.[6] The trial court's award of attorney fees is therefore contrary to the terms of the Agreement. Accordingly, we reverse the court's attorney fee award and remand to the trial court to determine what amount of the $36,000 Husband was ordered to pay is

---

[6] Husband also claims the trial court's order is in error because the payment is a form of maintenance which is precluded by a separate provision of the Agreement. Wife requested, and the trial court ordered Husband to pay attorney fees in the order currently being appealed. Attorney fees and maintenance are separate issues, and the issue before us is the payment of attorney fees alone. To the extent Husband has been ordered to pay maintenance by past orders, the issue of whether or not the Agreement permits such payments is not currently before us.

attributable to Wife's current request for attorney fees and amend the order such that this amount is omitted.[7]

[10] We next consider the trial court's award of expert fees, which were not specifically precluded by the Agreement. Husband argues that Wife failed to establish the need for an expert witness. Wife's counsel, however, noted the complexity of oil and gas leases, that Husband had transferred funds between separate and marital accounts, and that certain funds were unaccounted for. Given the circumstances, the assistance of an expert in forensic accounting to review the parties financial accounts and assets would be beneficial in determining the appropriate valuation of marital property. Wife, being entitled to her share of the marital estate within the parameters of the Agreement, has established that there is a need for an expert witness. Husband has not established error in the trial court's award of expert fees for such purpose.

[11] Husband also argues that the trial court erred in stating that he could argue for a partial set-off at the final hearing. In the challenged order, the trial court stated that "Husband shall have the right to argue for a set-off of the Thirty Thousand Dollars ($30,000) in attorney and expert fees paid under this Order, at final hearing." *Appellant's Appendix Vol. II* at 24. We first note that this is not necessarily consistent with what was discussed at the hearing. The trial court's

---

[7] We note that the trial court previously ordered Husband to pay a certain amount toward Wife's attorney fees and that a portion of the challenged amount is attributable to this previous award of fees. Husband, however, did not timely challenge the propriety of these previous awards of fees, thus, those orders remain unaffected by our decision herein.

oral statement clearly indicates that Husband would be permitted to argue for a set-off against the marital property ultimately awarded to Wife without limitation. It would thus appear that the trial court's order contains a typographical error. In any event, we find that just as important as what was stated in the trial court's order is what was not stated. The order does not preclude Husband from arguing for a set-off of the entire amount. That issue, however, is not presently before us.

[12]     Judgment affirmed in part, reversed in part, and remanded with instructions.

Najam, J. and Robb, J., concur.