

FILED

Jun 25 2025, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Court of Appeals of Indiana

Enoch J. Frank,

*Appellant-Respondent*

v.

Monica S. Frank,

*Appellee-Petitioner*

---

June 25, 2025

Court of Appeals Case No.
24A-DN-2572

Appeal from the Marion Superior Court

The Honorable Tara Y. Melton, Magistrate

**Opinion by Judge DeBoer**
Judges Bailey and Vaidik concur.

**DeBoer, Judge.**

## Case Summary

[1] Enoch Frank (Husband) was ordered to pay Monica Frank (Wife) $5,000 per month in provisional spousal maintenance and $25,000 in preliminary attorneys' fees and litigation costs. Husband appeals both orders, asserting the trial court failed to consider Wife's earning capacity in its maintenance order and his ability to pay as to both orders. Finding that the trial court did not abuse its discretion as to either order, we affirm.

## Facts and Procedural History

[2] Husband and Wife were married on November 17, 2018 without a premarital agreement. Wife filed for divorce on February 20, 2024 and requested provisional spousal maintenance and attorneys' fees from Husband. The hearing was originally set for March 6, 2024. However, Husband requested and received three continuances, causing the hearing to be reset to April 23, June 10, and September 5. The hearing was continued a fourth time at the request of

both parties' attorneys. Ultimately, the provisional hearing took place on September 16, 2024.

[3] Amidst these continuances, on March 26, Wife served Husband with Interrogatories and Requests for Production of Documents. As of July 5, Husband had not responded to the discovery request. That day, Wife filed a Motion to Compel Discovery, which the court granted, giving Husband until July 22 to respond to the requests. He submitted partial responses to some interrogatories at 8:35 P.M. on September 15—the night before the hearing—and he did not produce any documents.

[4] The remainder of the hearing consisted of the parties' testimonies regarding their marriage, financial circumstances, employment, and resources. The trial court issued its Provisional Order on October 16, 2024. The court made the following findings of fact sua sponte relevant to this appeal:

> 9. [Wife] . . . is a hair stylist who lives with her mother in Anderson, Indiana but wishes to relocate closer to Indianapolis to rebuild her clientele. She currently works part-time at Tuttle Orchards as a courtesy clerk and styles hair for a few clients.
>
> 10. During the marriage, [Wife] worked for [Husband] on a part-time basis. However, she owned her own salon which is in the marital residence. Thus, she must rebuild her business.
>
> 11. [Husband] had three elective surgeries to remove excess skin for meaningful weight loss. At the date of this hearing, he was past his last 30-day recovery period. [He] works for the Williams

Creek Police Department but is on administrative leave. [He] also works unpaid as the Police Chief of Mt. Summit Police Department every Thursday and operates his own successful security business. [Husband] has received some business income since the filing of this case, approximating $5,000 per month. [He] said that he cannot work but provided no documents or other evidence to the contrary.

12. [Husband] lives in the marital residence which has no monthly mortgage payment or monthly obligation to pay related obligations.

13. During the parties' marriage prior to the filing of this case, [Husband] paid the household bills and for the parties' lavish lifestyle which included travels to five-star hotels, their time share, and other vacation destinations. It included expensive vehicles and jewelry. [Wife] worked to pay some of her discretionary expenses.

14. Since the filing of this case, [Husband] has not provided any funds or access to marital assets to [Wife]. He does not believe she deserves anything.

15. Since the filing of this case, [Husband] has expended $100,000-$200,000 of marital assets for a myriad of purposes. Of the remaining approximate $40,000 in savings, [he] does not believe [Wife] should receive anything.

16. [Husband] has an extensive car collection, including a Bugatti, Lamborghini, Porsche, Mercedes, and Chevrolet vehicles. [He] took [Wife] to Beverly Hills, California to purchase a 2012 Mercedes SLS AMG.

17. [Husband] allowed [Wife] to operate her Lexus SUV for approximately 7 months without an unexpired sticker and only provided the sticker after communications between counsel. He does not want to continue to pay insurance for that SUV as he has historically.

18. [Husband] has an extensive watch collection of approximately 50 timepieces, including approximately 30 Rolex watches.

19. [Husband] has an extensive gun collection worth approximately $300,000.

20. [Wife] has historically relied upon [Husband] for her support and maintenance during the parties' marriage. [He] does not want to pay [her] any support or maintenance.

21. [Husband] has not filed federal or state personal or business tax returns for tax years 2019-23.

22. [Wife] submitted an attorneys' fee affidavit related to fees incurred due to [Husband's] non-compliance with responding to the Discovery Requests or the Court's Order Compelling Discovery.

23. [Wife] owes her attorneys [sic] fees, and does not have the resources to pay ongoing attorneys' fees and litigation costs (including real estate appraisals and business valuations).

Appealed Order at 2-3.

[5] Based on its findings, the trial court ordered Husband to pay Wife $5,000 per month in provisional spousal maintenance retroactive to the date the divorce was filed, totaling $38,448.28 as of September 16, 2024. The court also ordered him to pay Wife $25,000 in preliminary attorneys' fees and litigation costs. Husband filed a Motion to Stay the trial court's order pending appeal, which we denied. Husband appeals both the spousal maintenance order and award of attorneys' fees.

## Discussion and Decision

[6] Preliminarily, we note that neither party made a request for the trial court to make specific findings of fact or conclusions of law under Indiana Trial Rule 52(A). The trial court entered such findings and conclusions sua sponte. When specific findings are entered sua sponte, "the general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial." *C.B. v. B.W.*, 985 N.E.2d 340, 344 (Ind. Ct. App. 2013), *trans. denied*. While the court's specific findings control as to the issues upon which the court has found, they do not affect our standard of review as to the general judgment. *Id.*

### 1. Spousal Maintenance

[7] Indiana Code section 31-15-4-8(a) permits a trial court to award temporary spousal maintenance in amounts and on terms that it deems "just and proper." Provisional spousal maintenance is intended to "maintain the status quo of the parties" during the divorce proceedings. *Mosley v. Mosley*, 906 N.E.2d 928, 929

(Ind. Ct. App. 2009) (quoting *Bertholet v. Bertholet*, 725 N.E.2d 487, 498 (Ind. Ct. App. 2000)). Our Supreme Court has found that "[t]he existence of temporary maintenance buttresses the proposition that the duty of spousal support survives the filing of a petition for dissolution, since such maintenance is nothing more than a post hoc judicial determination of the extent of the superior spouse's ongoing support obligation." *Bartrom v. Adjustment Bureau, Inc.*, 618 N.E.2d 1, 9 (Ind. 1993) (internal citations omitted). Trial courts have "broad discretion in issuing provisional orders[,]" and only when there has been a clear abuse of that discretion will we disturb the trial court's order. *Mosley*, 906 N.E.2d at 930. An abuse of discretion occurs where "the decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.* In our review, we consider "only the evidence most favorable to the trial court's decision." *Id.*

[8]     Husband argues the trial court abused its discretion as to spousal maintenance by failing to consider Wife's earning potential and his ability to pay.[1] We

---

[1] Husband relies on *Pham v. Pham*, 650 N.E.2d 1212 (Ind. Ct. App. 1995) to support his contention that the award of spousal maintenance should be reversed because it was equal to the amount of Husband's monthly income. We are not persuaded. First, *Pham* dealt with post-divorce rehabilitative maintenance rather than temporary provisional maintenance. *See id.* at 1213. Second, *Pham* did not involve asset dissipation or discovery misconduct; the present case does. Husband's quick reduction of his six-figure bank account and his testimony that he believes Wife shouldn't get anything support the inference that Husband is able to pay but simply does not want to. Third, per Husband's doctor's testimony, Husband should now be fully recovered from his surgeries and able to work and earn his usual income. Lastly, there was no evidence in *Pham* that the husband had multiple collections of high-value assets as Husband does here. Thus, *Pham* does not persuade us that the temporary provisional order for Husband to pay Wife $5,000 a month in the present case was an abuse of discretion.

disagree. First, the trial court did consider Wife's earning potential, finding that she works part-time while planning to rebuild her cosmetology business that she previously ran out of the couple's home. While her earning capacity would be greater if her business was fully operational, it is not yet. Additionally, Wife completely depleted her own $10,000 in savings to pay her attorneys' fees in this matter. The record supports the finding that Wife's resources are limited.

[9] Further, the court did consider Husband's ability to pay. It found that Husband paid all the expenses during the marriage, funding a "lavish" lifestyle for himself and Wife, yet has denied Wife any support thus far. Appealed Order at 3. Almost no assets have been shared with Wife outside of the necessities she took with her and her kitchen cookware, and Husband testified that he believes she should receive nothing. Moreover, Husband has spent a substantial portion of his six-figure savings account since the initiation of this matter. While Husband testified that his current income is $5,000 per month and asserts that the court based its decision on past wealth rather than current circumstances, he produced no other evidence as to the current state of his finances, leaving only his testimony to be considered. We will not reassess the weight or credibility of that testimony here.

[10] The record also supports the finding that his reduction in income was within his control, at least by the time of the hearing. While Husband had previously undergone multiple skin removal surgeries, his plastic surgeon testified that Husband was well past the necessary recovery time for his most recent surgery

and his care consisted mostly of "scar management." Transcript at 9.[2] Thus, the evidence supports that his medical circumstances were no longer preventing him from working. There was also ample evidence of Husband's substantial personal assets, including his Rolex watch collection, $300,000 collection of firearms, and multiple luxury vehicles. All these facts support the inference that Husband can pay the provisional maintenance but simply does not want to. The trial court clearly considered the evidence presented as to Wife's earning potential and Husband's ability to pay. Husband would like us to reweigh the evidence here, but we will not.

[11] Husband also argues that the retroactive nature of the maintenance award was an abuse of discretion. Again, we disagree. We find retroactive maintenance was appropriate here considering evidence that Husband has provided no support to Wife since the case's inception—and has caused delays in the case—despite having a demonstrated ability to pay. The trial court's finding that Husband expended substantial marital assets while denying Wife any support justifies the retroactive nature of the award.

[12] Despite Husband's arguments, the record supports the trial court's award of temporary spousal maintenance to Wife. While the award is substantial,

---

[2] The plastic surgeon testified that the skin removal surgeries Husband received have a recovery time of "several weeks to a month." Tr. at 9. At the time of the hearing, Husband's most recent surgery had been in late June of 2024. *See id.* The hearing took place on September 16, 2024. Thus, Husband was almost three months past the surgery and two months past a 30-day recovery.

Husband has not shown that the trial court abused its broad discretion in light of the evidence presented.

## 2. Attorney's Fees

[13] Husband also argues that the trial court abused its discretion in awarding Wife $25,000 in attorney's fees. Under Indiana Code section 31-15-10-1, a trial court is permitted to order a party to pay a reasonable amount of the other party's attorney's fees. *Barton v. Barton*, 47 N.E.3d 368, 377 (Ind. Ct. App. 2015), *trans. denied*. In doing so, the trial court must consider the parties' resources, their economic circumstances, their employment and earning potential, and any other factors related to the reasonableness of the award. *Troyer v. Troyer*, 987 N.E.2d 1130, 1142-43 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*. Additionally, "[m]isconduct that directly results in additional litigation expenses may properly be taken into account in the trial court's decision to award attorney's fees." *Barton*, 47 N.E.3d at 377. Like an award of spousal maintenance, "[t]he trial court has broad discretion in awarding attorney's fees." *Id.* We will reverse such an award only when it was clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

[14] Here, the trial court's order is supported by the record. Notably, Husband's discovery misconduct caused significant delays, resulting in Wife having to utilize her attorney's services longer and more frequently. The trial court found that Husband failed to respond to discovery requests for almost six months, even after being ordered to respond by the court. He failed to answer any

interrogatories until 8:35 P.M. the night before the hearing (at which time he submitted only partial responses to some questions) and has yet to produce any documents. His misconduct, in part, supports the trial court's award of attorney's fees.

[15] Husband contends the trial court failed to consider his ability to pay these fees.[3] The record does not support that contention. The trial court specifically considered Husband's monthly income as well as his myriad high-value personal assets. In fact, the court considered all the relevant factors discussed above, including both parties' resources, their earning potential, and economic condition. Therefore, Husband's contention merely amounts to a request that we reweigh the evidence and reassess the credibility of his and Wife's testimony. We will not.

[16] Husband has failed to show that the trial court abused its discretion in ordering him to pay Wife's attorney's fees.

[3] Husband cites *Reese v. Reese*, 671 N.E.2d 187 (Ind. Ct. App. 1996), *trans. denied*, as support for his argument that the attorney's fee order should be reversed. *See* Appellant's Br. at 19. A panel of this Court reversed an order for the husband to pay almost $340,000 in attorney's fees in *Reese* based on facts that do not exist here. First, in *Reese*, the order came after the marital estate was divided. 671 N.E.2d at 190. Second, the order was reversed because each party received an equal amount of the marital estate, the wife's resources were more liquid and diversified, she had an earning potential of over $600,000, and the husband had only one asset and it was performing poorly. *Id.* at 193. Therefore, the husband was not found to be "in a superior position" to pay the wife's attorney's fees. *Id.* None of the foregoing is true in the present case, and we are not persuaded by Husband's reliance on *Reese*.

## Conclusion

[17] We find the trial court's order requiring Husband to pay provisional spousal maintenance and attorneys' fees to Wife was not against the logic and effects of the facts and circumstances. Thus, the trial court did not abuse its discretion.

[18] We affirm.

Bailey, J., and Vaidik, J., concur.

ATTORNEYS FOR APPELLANT

Bryan L. Ciyou
Ciyou & Associates, P.C.
Indianapolis, Indiana

Anne Medlin Lowe
Fugate Gangstad Lowe LLC
Carmel, Indiana

ATTORNEY FOR APPELLEE

Andrew Z. Soshnick
Faegre Drinker Biddle & Reath LLP
Indianapolis, Indiana