Hot Ba PHAM, Appellant–Petitioner,

v.

An Thi PHAM, Appellee–Respondent.

No. 49A02–9411–CV–657.

Court of Appeals of Indiana.

May 30, 1995.

☙240(5)

Robert W. Freese, Elmendorf, Meyer & Freese, Brownsburg, for appellant.

Candace W. Trivedi, Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Hot Ba Pham (Husband) contests the trial court's award of spousal maintenance in favor of appellee-respondent An Thi Pham (Wife). Specifically, Husband claims that the trial court abused its discretion in determining that Wife was entitled to an award of spousal maintenance and in determining the amount of the award.

### FACTS

Husband and Wife were married in what was then known as Saigon, Vietnam on January 28, 1966, during the beginning of the Vietnam War. Husband was a soldier in the South Vietnamese army and was held as a prisoner under the Communist regime for a period of four years during the 1970's. Husband was eventually released from prison and later escaped from Vietnam in 1982. He came to the United States with two of the couple's children. In 1989, he purchased an alterations business.

Wife and the parties' other two children remained in Vietnam where Wife worked as a bank teller. In 1991, pursuant to the Family Reunification Program, Husband sponsored Wife and the two children for immigration to the United States. Upon their arrival in July of 1991, they moved into a home that Husband and the other two children purchased in Marion County, Indiana. Husband, however, did not reside in the home. Rather, he lived in his girlfriend's home where he had resided since 1985.

On July 26, 1993, Husband filed a petition for dissolution of marriage in the Marion County Superior Court. On February 2, 1994, the court held a hearing and on July 15, 1994, it entered a final decree of dissolution of marriage in which it made findings of fact. Record at 67–72. Specifically, the court found that the amount of money that Husband sent to Wife in Vietnam for the support of his two children was nominal. The court also found that Wife was entitled to spousal rehabilitative maintenance due to the disparity in the parties' earning capabilities resulting from Wife's lack of comprehension, familiarity, and use of the English language which made her unemployable. The court ordered Husband to pay $175.00 per week to Wife as spousal maintenance, to continue paying his share of the mortgage, to assume all debts, and to deed his one-third interest in the home to Wife. On appeal, Husband only contests the trial court's award of spousal rehabilitative maintenance claiming that it constituted an abuse of discretion.

### DISCUSSION AND DECISION

First, Husband claims that the trial court abused its discretion in determining that Wife was entitled to spousal rehabilitative maintenance. Trial courts are vested with broad discretion in the area of denying or granting rehabilitative maintenance. *Fields v. Fields* (1993), Ind.App., 625 N.E.2d 1266, 1268, *trans. denied.* When confronted with a maintenance request, the trial court looks to the following statutory guidelines:

(3) After considering:

(A) the educational level of each spouse at the time of the marriage and at the time the action is commenced;

(B) whether an interruption in the education, training, or employment of a spouse

who is seeking maintenance occurred during the marriage as a result of homemaking or child care responsibilities or both;

    (C) the earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market; and

    (D) the time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment;

a court may find that rehabilitative maintenance for the spouse seeking maintenance is necessary....

IND.CODE § 31–1–11.5–11(e)(3). The trial court's decision to award maintenance is reviewed under an abuse of discretion standard. *Id.* This court will presume that the trial court properly considered these applicable statutory factors in reaching its decision. *Id.* We will not reweigh the evidence or make credibility determinations. *Id.* Our task is limited to determining if there is sufficient evidence to support the trial court's judgment. *Id.*

    ■ In the present case, the parties did not make a request for special findings.[1] However, the court did enter findings with the judgment sua sponte. When a trial court makes specific findings on its own motion, the general judgment will control as to the issues upon which the court has not found and the specific findings control only as to the issues they cover. *Blazek v. Blazek* (1994), Ind.App., 631 N.E.2d 518, 520. We may not reverse the trial court's findings in such circumstances unless they are clearly erroneous. *Id.;* Ind.Trial Rule 52(A).

    ■ Husband contends that the trial court abused its discretion in that it did not consider and make findings on all of the factors set

out in I.C. § 31–1–11.5–11(e)(3) and, thus, it did not properly determine that Wife was entitled to maintenance. However, the statute does not require the court to make findings on all of the enumerated factors.[2] Rather, the statute provides that the court must first consider the factors set forth in I.C. § 31–1–11.5–11(e)(3)(A)–(D) before denying or granting maintenance. On appeal, we presume that the trial court properly considered all the relevant statutory factors and inasmuch as Husband provides no evidence to the contrary, we find no abuse of discretion.

    ■ Moreover, we hold that the evidence was sufficient to support the trial court's determination that Wife was entitled to rehabilitative maintenance. The record reveals that Wife cannot speak, read, or write English. R. at 245–47. Because of her deficient language skills, she does not have a driver's license, has relied upon her children as her only means of support, and has a very limited earning capacity unlike that of Husband who owns an alterations business. Accordingly, the trial court did not abuse its discretion in deciding that Wife was entitled to maintenance.

    ■ Next, Husband claims that the trial court's maintenance award of $175.00 per week constituted an abuse of discretion. Specifically, Husband claims that the award was excessive in that the court ordered him to pay $9,100.00 a year in maintenance ($175.00 × 52 weeks = $9,100.00) while his yearly adjusted gross income is approximately $10,000.

    We agree with Husband that the trial court abused its discretion in determining the amount of the award. The evidence before the trial court revealed that Husband's adjusted gross income in 1992 was $10,592.00. Yet, the court ordered Husband to pay Wife

---

1. A written request for special findings must be filed with the court prior to the admission of the evidence. *J.L.L. v. Madison County DPW* (1994), Ind.App., 628 N.E.2d 1223, 1225. Here, the record does not contain a written request from either of the parties prior to the admission of the evidence which took place at the February 2, 1994, hearing. Although Husband filed a proposed decree of dissolution in which he proposed findings for the court to adopt, this proposed decree was filed on May 27, 1994, after the date

of the hearing in which the evidence was introduced. As such, we treat the court's findings as having been made on its own motion.

2. Additionally, as we stated above, special findings on each of the statutory factors were not requested by the parties. Thus, the trial court was not required, pursuant to T.R. 52(A), to make findings on each of those factors.

$9,100.00 in maintenance for three years. We find an award of spousal maintenance requiring Husband to pay Wife virtually all of his earnings to be unreasonable. Even if we were to assume, as the record indicates, that Husband's adjusted gross income from his alterations business would increase slightly each year, there is no evidence showing that his income would suddenly increase so substantially that the trial court's award could be found reasonable.

Moreover, we note that although child support was not an issue in this case because all of the parties' children were emancipated, the child support guidelines serve as a useful reference point in determining the appropriate amount of an award for spousal maintenance. Child Support Guideline 2 provides:

> Temporary maintenance may be awarded by the court not to exceed thirty-five (35%) of the obligor's weekly adjusted income. In no case shall child support and temporary maintenance exceed fifty percent (50%) of the obligor's weekly adjusted income.

Since the child support guidelines provide that a court shall not award over 50% of the obligor's weekly adjusted gross income when the spouse is entitled to maintenance and there are children in need of support, it would be inappropriate for a court to award more than 50% of the obligor's weekly gross income where there is only a spouse entitled to maintenance.

In conclusion, we reverse the trial court's award and remand with instructions for the court to recalculate the amount of the award for spousal maintenance taking into account Husband's limited earnings and other obligations imposed by the decree of dissolution.

Judgment reversed and remanded.

ROBERTSON and RUCKER, JJ., concur.