## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2017, 6:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Norman L. Reed
The Law Office of Norman Reed
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Maria Matters
Maria Matters Attorney at Law
LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reta M. Hollowell, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Donald Hollowell, <br> *Appellee-Respondent.* | February 28, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1605-DR-985 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christopher Haile, Magistrate <br><br> Trial Court Cause No. <br> 49D11-1504-DR-12821 |

**Pyle, Judge.**

## Statement of the Case

[1]     Reta Hollowell ("Wife") appeals the trial court's denial of her motion to correct error filed with respect to a dissolution decree that ordered Donald Hollowell

("Husband") to pay her $500.00 per month in incapacity maintenance and equally divided the parties' property. Concluding that the trial court did not abuse its discretion in determining the amount of incapacity maintenance or in dividing the parties' marital property, we affirm the trial court's judgment.

We affirm.

## Issues

1. Whether the trial court abused its discretion in determining the amount of incapacity maintenance it ordered Husband to pay Wife; and

2. Whether the trial court abused its discretion in equally dividing the parties' property.

## Facts

Husband and Wife were married in June 1973. They are the parents of two adult children. Wife became disabled in 1979 as the result of a back injury and began receiving Social Security disability benefits. Husband is a financial analyst for Defense Financing and Accounting Service.

Wife filed a petition for dissolution in April 2015. Testimony at the November 2015 dissolution hearing revealed that sixty-three-year-old Wife received $8,684 per year in Social Security disability benefits, and sixty-four-year-old Husband earned $82,524 per year. The parties owned a house, and each party owned a car. They agreed on the items to be included in the marital pot.

[5] During the hearing, Wife asked the trial court to award her the marital residence, her car, and the parties' three dogs. She never argued that she should receive more than the fifty percent of the marital pot. Instead, she asked the trial court to "divide the [home] equity equally." (Tr. 9). Wife also asked the trial court to order Husband to pay her $500.00 per week in spousal maintenance.

[6] Husband testified that Wife was not capable of maintaining the house and the large lot. He also explained that the house was currently financed through a Veteran's Administration loan that was in his name. He did not believe that Wife would be able to secure a new loan on the house. Husband further testified that the two youngest dogs belonged to him and that all three dogs were too much for Wife to currently handle. He asked the trial court to award him the house, the two youngest dogs, and his vehicle. Husband also offered to pay Wife $500.00 per month in spousal maintenance.

[7] At the end of the hearing, Husband asked the trial court if it wanted the parties to submit proposed orders. The trial court responded that it did not. In January 2016, the trial court issued an order, finding that Wife was disabled and ordering Husband to pay her $500.00 per month in spousal maintenance. The trial court also concluded that the statutory presumption of an equal division of property had not been rebutted, and it awarded each party an equal division of the joint property. Husband was awarded the house and the two youngest dogs, and the trial court equalized the property division by awarding Wife a $34,628.00 distribution from Husband's deferred compensation account.

[8]    Wife filed a Motion to Correct Error wherein she accused Husband and the trial court of a possible ex parte communication and violation of the Indiana Rules of Professional Conduct. Specifically, Wife alleged that Husband's counsel had tendered a proposed order to the trial court and had not provided her with a copy of this order. Wife further alleged that the trial court had ultimately approved Husband's tendered order without any revisions. Wife alleged that the trial court "simply trusted opposing counsel to divide the assets properly, and rubber stamped [Husband's] proposed decree unintentionally." (App. 19). Wife further argued that the trial court should have ordered Husband to pay her $500.00 per week, rather than $500.00 per month, in spousal maintenance and awarded her more than fifty percent of the marital estate.

[9]    In a motion in opposition to Wife's motion, Husband's counsel stated she had not submitted a proposed order to the trial court and argued that Wife's "reckless disregard for the truth in pleadings [was] subject to Rule 11 sanctions . . . ." (App. 14). At the March 2016 hearing on her motion, Wife apologized for her allegations of misconduct. She explained that "[i]t just appeared as though . . . virtually everything [H]usband [had] asked for he [had] received. . . . The Court gave . . . the dogs to husband. . . . [Wife] asked for $500.00 a week [in maintenance]. He asked for $500.00 a month. The Court gave $500.00 a month. . . ." (Tr. 56-57). In response, the trial court explained as follows regarding its decision to award Wife $500.00 per month in spousal maintenance and to equally divide the parties' property:

I looked at the entire record, okay? I listened to the hearing. I went back and listened to the hearing. I looked at my notes. I looked at everything in the record in this Court in making this decision. I get that [Wife] isn't happy with the decision, but, you know, I'm looking for you to point me to an error that the Court made in making some valuation or some decision other than the fact that you don't like the way things were divided or you don't like the amount of maintenance.

(Tr. 61). Following the hearing, the trial court issued an order accepting Wife's apology, declining to order sanctions against Wife's counsel that would have been warranted under Rule 11 of the Indiana Rules of Trial Procedure, and denying Wife's motion to correct error. Wife now appeals.

# Decision

Wife appeals the trial court's denial of her motion to correct error. Our standard of review in such cases is well-established. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Old Utica School Preservation, Inc. v. Utica Tp.*, 7 N.E.3d 327, 330 (Ind. Ct. App. 2014), *trans. denied.*

## 1. Incapacity Maintenance

Wife first argues that the trial court erred in awarding her $500.00 per month in spousal maintenance. She specifically contends that the "amount of spousal maintenance is excessively low and constitutes an abuse of discretion." (Appellant's Br. 13).

[12] The trial court has broad discretion to make an award of spousal maintenance, and we will reverse only upon an abuse of that discretion. *Bizik v. Bizik*, 753 N.E.2d 762, 768-69 (Ind. Ct. App. 2001), *trans. denied*. Discretion is a privilege afforded a trial court to act in accord with what is fair and equitable under the facts of each case. *Pala v. Loubser*, 943 N.E.2d 400, 405 (Ind. Ct. App. 2011), *trans. denied*. We will find an abuse of discretion only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In determining whether a trial court abused its discretion in a spousal maintenance determination, this Court will presume that the trial court properly followed the applicable statutory factors in reaching its decision. *Bizik*, 753 N.E.2d at 769. The presumption that the trial court correctly applied the law in making an award of spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal. *Id.*

[13] A court may order spousal maintenance under INDIANA CODE § 31-15-7-2 in three circumstances: (1) incapacity maintenance for a spouse who cannot support himself or herself; (2) rehabilitative maintenance for a spouse who needs additional education or training before seeking a job; and (3) caregiver maintenance for a spouse who must care for an incapacitated child. *Balicki v. Balicki*, 837 N.E.2d 532, 542 (Ind. Ct. App. 2005), *trans. denied*. At issue in this appeal is incapacity maintenance.

[14] INDIANA CODE § 31-15-7-2(1) governs incapacity maintenance and provides that "[i]f the court finds a spouse to be physically or mentally incapacitated to the

extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court."[1] However, even if a trial court finds that a spouse's incapacity materially affects her self-supportive ability, a maintenance award is not mandatory. *Bizik*, 753 N.E.2d at 769.

[15] Here, after viewing the parties' courtroom demeanor and hearing their testimony, the trial court determined that Wife was disabled. Although this determination did not require the court to award Wife spousal maintenance, *see Bizik*, 753 N.E.2d at 769, the court nevertheless ordered Husband to pay Wife $500.00 per month. Wife challenges the amount of maintenance awarded but fails to show how it constituted an abuse of discretion. Our review of the facts in this case reveal that the trial court's decision is not clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. The trial court did not abuse its discretion in awarding Wife $500.00 per month in spousal maintenance.[2]

---

[1] Wife mistakenly directs us to INDIANA CODE. § 31-15-7-2(3), which governs rehabilitative maintenance rather than incapacity maintenance. Specifically, the statute provides that a "court may find that rehabilitative maintenance . . . is necessary in an amount and for a period of time that the court considers appropriate, but not to exceed three (3) years from the date of the final decree."

[2] Despite Wife's claim to the contrary, *Pham v. Pham*, 650 N.E.2d 1212 (Ind. Ct. App. 1995), simply does not state that there is a presumption that spousal maintenance should be 35% of the payor's weekly adjusted gross income. Rather, *Pham* holds only that "an award of spousal maintenance requiring Husband to pay Wife virtually all of his earnings [is] unreasonable." *Pham*, 650 N.E.2d at 1214.

## 2. Property Division

Wife also argues that the trial court erred in equally dividing the parties' property. We note, however, that Wife did not ask the trial court to deviate from the statutory presumption and award her more than 50% of the marital property at the dissolution hearing. Rather, she did not raise this issue until she filed her motion to correct error. A party cannot raise a previously available issue for the first time in a motion to correct error. *Yater v. Hancock Cty. Bd. of Health*, 677 N.E.2d 526, 530 (Ind. Ct. App. 1997). Failure to raise errors that existed at trial may not be remedied in a post-trial motion to correct error or on appeal. *Id.* The issue is therefore waived. *See id.*

Waiver notwithstanding, we find no error. The division of marital assets is a matter within the sound discretion of the trial court. *Harris v. Harris*, 42 N.E.3d 1010, 1017 (Ind. Ct. App. 2015). By statute, the trial court must divide the property of the parties in a just and reasonable manner, and that includes property owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to the final separation of the parties, or acquired by their joint efforts. *Id.* (citing IND. CODE § 31-15-7-4(A)). There is a statutory presumption that an equal division of property between the parties is just and reasonable. *Id.* (citing I.C. § 31-15-7-5). Specifically, INDIANA CODE § 31-15-7-5 provides:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents

relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

> (A) before the marriage; or

> (B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

[18] A party seeking to rebut the presumption of an equal division of marital property bears the burden in so doing. *Harris*, 42 N.E.3d at 1017. The party challenging a trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. *Id.* This presumption is one of the strongest presumptions applicable to our consideration on appeal. *Id.* Although the facts and reasonable inferences

might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

[19] Here, our review of the evidence reveals that the only mention of property division at the dissolution hearing was when Wife asked the trial court to "divide the [home] equity equally." (Tr. 9). Based her lack of evidence and arguments at the dissolution hearing, Wife has failed to overcome the strong presumption that the trial court properly divided the marital estate. Accordingly, the trial court did not abuse its discretion in equally dividing the parties' property, and we find no error.

[20] Affirmed.

Baker, J., and Mathias, J. concur.