# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2018, 7:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James R. Recker
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Pamela Buchanan
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Shane Vanlandingham,

*Appellant-Respondent,*

v.

Sherry Vanlandingham,

*Appellee-Petitioner.*

June 7, 2018

Court of Appeals Case No.
06A01-1711-DR-2586

Appeal from the Boone Superior Court

The Honorable Bruce E. Petit, Judge

Trial Court Cause No.
06D02-1610-DR-145

**Bailey, Judge.**

# Case Summary

Shane Vanlandingham ("Husband") challenges a discovery sanction order, provisional order, property division, and award of spousal maintenance related to the dissolution of his marriage to Sherry Vanlandingham ("Wife"). We affirm in part, reverse in part, and remand with instructions.

# Issues

Husband presents four issues for review, restated as follows:

    I.      Whether the trial court abused its discretion by awarding attorney's fees of $426.00 to Wife as a discovery sanction and declining to order that amount refunded;

    II.     Whether Husband is entitled to partial relief from the provisional order because the amount he was ordered to pay exceeded statutory authorization;

    III.    Whether the trial court abused its discretion in finding that Wife was eligible for incapacity maintenance; and

    IV.    Whether the trial court improperly awarded to Wife all the equity in the marital residence after having determined that an equal division of the marital pot was fair and equitable.

# Facts and Procedural History

The parties were married on May 27, 2000. On October 18, 2016, Wife filed a petition for dissolution of the marriage. On January 11, 2017, the trial court

issued a provisional order, which incorporated the parties' agreement on paying expenses pending the final dissolution decree. Also, Husband was ordered to pay $426.00 to Wife's attorney, for having failed to respond to written interrogatories after the trial court ordered him to do so. Wife filed a petition seeking incapacity maintenance pursuant to Indiana Code Section 31-15-7-1.

[4] On May 4, 2017, the parties appeared at a final evidentiary hearing and provided testimony. Wife was represented by counsel and Husband appeared pro se. After the presentation of evidence, the trial court ordered the marriage dissolved. The trial court advised the parties that they had fourteen days to submit proposed final decrees and informed them that the provisional order would remain in effect pending the final decree.

[5] Subsequently, Husband retained counsel. He filed a motion for relief from the attorney's fee sanction and requested repayment; the motion for relief was denied. On July 13, 2017, the trial court conducted a hearing at which Husband's counsel made an oral motion to re-open the evidence related to property distribution; the trial court took that motion under advisement. Husband was found in contempt of court for failure to pay expenses allocated to him under the provisional order, and he was ordered to pay Wife's attorney an additional $275.00.[1] On July 27, 2017, Husband filed a motion for relief from the provisional order; that motion was summarily denied on the following

---

[1] He does not challenge this award.

day, with the trial court making a chronological case summary notation that Husband had agreed to pay the expenses as outlined in the provisional order.

[6] On October 4, 2017, the trial court issued a Final Decree of Dissolution of Marriage. Therein, the trial court denied Husband's oral motions for additional discovery and presentation of evidence. The trial court found that an equal division of marital assets was appropriate but that Wife should be awarded Husband's equity in the marital residence – amounting to approximately $19,624.50 – as a lump sum payment of incapacity maintenance. No periodic maintenance payments were ordered. Husband now appeals.

# Discussion and Decision

## Discovery Sanction

[7] Husband did not respond to Wife's interrogatories, even after the trial court ordered him to do so, and he was thereafter sanctioned. Husband argues that the trial court abused its discretion by ordering him to pay $426.00 to Wife's attorney, because the number of interrogatories propounded to him was excessive. He observes that a Boone County Local Rule prescribes 30 interrogatories but Wife served upon him 76 interrogatories.

[8] Pursuant to Indiana Trial Rule 33(A), a party may, without leave of court, serve upon another party written interrogatories to be answered by the party served, who "shall furnish such information as is available to the party." If a party fails to answer an interrogatory submitted under Trial Rule 33, the party who served

the interrogatory may move for an order compelling an answer. T.R. 37(A)(2). If the trial court grants the motion, the court shall, after an opportunity for a hearing, require the non-responsive party to pay the moving party's reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. T.R. 37(A)(4).

[9] The purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery. *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012). In accordance with that purpose, Indiana Trial Rule 37(B)(2)(c) "expressly provides that a trial court may impose sanctions" for discovery violations. *Id.* The selection of an appropriate sanction is entrusted to the trial court, who "stand[s] much closer than an appellate court to the currents of litigation pending before them." *Id.* We review the decision only for an abuse of discretion. *Id.*

[10] At a provisional hearing, Husband conceded that he had not complied with a court order to respond to Wife's interrogatories. He protested that Wife had typically handled the mail, and he "didn't understand why" Wife and her attorney would be mailing things to him. (Tr. at 9.) However, Husband also stated, "I read the one that I got certified mail and that was enough, that's all I needed and I got the Court date, I got the time to come." (Tr. at 9.) He promptly responded to Wife's counsel's in-court questions about income and expenses. The trial court found Husband to be capable of understanding and

responding to inquiries regarding his financial position, and imposed the sanction at issue.

[11] Later, Husband's counsel urged the trial court to order Wife's attorney to disgorge the attorney's fees payment because the number of interrogatories was excessive. The relevant local rule provided for 30 interrogatories, although a greater number could be propounded with leave of court. Wife did not obtain leave of court before moving to compel Husband's answers; rather, she attached the interrogatories as an exhibit to the motion. Husband was then ordered to answer the interrogatories. Had Husband answered thirty interrogatories or timely objected to the excessive number, we may have been inclined to reverse a sanction for attorney's fees. However, Husband admittedly failed to comply even partially with a court order regarding discovery to which he had presented no objection or challenge. Husband has demonstrated no abuse of the trial court's discretion and is not entitled to refund of the $426.00 in attorney's fees.

## Provisional Order

[12] Indiana Code Section 31-15-4-8 provides that, in a dissolution action, a trial court may enter a temporary order for maintenance or support in such amounts and on such terms that are just and proper. Provisional orders are temporary orders designed to maintain the status quo while issues are more fully developed. *Mosley v. Mosley*, 906 N.E.2d 928, 929-30 (Ind. Ct. App. 2009). The order may not be revoked or modified before the final decree unless a party

shows facts appropriate to revocation or modification. *Troyer v. Troyer*, 987 N.E.2d 1130, 1142 (Ind. Ct. App. 2013).

[13] At the provisional hearing, Wife proposed that the parties continue to pay their household bills as they had before the marital separation, that is, Husband would pay the mortgage, utilities, homeowners association dues, and Wife's medical insurance, and Wife would pay for cable and computer access. Husband agreed, advising the trial court that he had "no problem with that." (Tr. Vol. II, pg. 12.) The trial court entered an order consistent with this proposal.

[14] Husband now argues that he was, in effect, ordered to pay maintenance to Wife, and should be relieved of some of the obligations of the provisional order, because he "was required to pay an amount in excess of that statutorily mandated." Appellant's Brief at 9. Specifically, he claims that mortgage payments, utility payments, and Wife's medical insurance premiums totaled $540.00 weekly and he should have been required to pay only 35% of his weekly income, or $249.20. Husband does not point to a specific statutory cap on an award of temporary maintenance, but directs our attention to *Pham v. Pham*, 650 N.E.2d 1212, 1215 (Ind. Ct. App. 1995), to support his contention that he should not have been ordered to pay expenses exceeding 35% of his weekly income.

[15] In *Pham*, a husband whose prior-year gross income was $10,592.00 was ordered to pay the wife $9,100.00 in maintenance for three years, and he appealed. *See*

*id.* A panel of this Court found "the child support guidelines serve as a useful reference point in determining the appropriate amount of an award for spousal maintenance." *Id.* The Court observed that, under the Indiana Child Support Guidelines, temporary maintenance could be awarded up to 35% of the obligor's weekly adjusted income and the aggregate child support and temporary maintenance should not exceed 50% of the obligor's weekly adjusted income. *Id.* The Court reversed the award, finding it "inappropriate for a court to award more than 50% of the obligor's weekly gross income where there is only a spouse entitled to maintenance." *Id.*

[16] The *Pham* decision does not support a retroactive reduction of Husband's obligations under the provisional order. First, the provisional order here was not an award of prospective payments from one spouse to another for ongoing support as was the case in *Pham*. Rather, the provisional order allocated certain expenses between the parties pending the final dissolution decree. And, importantly, the order incorporated the parties' agreement as to those expenses. Having specifically agreed to pay the mortgage, utilities, homeowners dues, and Wife's medical insurance pending the final decree, Husband cannot now be heard to complain. *See Witte v. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005) (under the invited error doctrine, "a party may not take advantage of an error that [he] commits, invites, or which is the natural consequence of [his] own neglect or misconduct.")

## Decision to Award Incapacity Maintenance

[17]    Pursuant to Indiana Code Section 31-15-7-2, a divorcing spouse may receive post-dissolution maintenance as incapacity maintenance, caregiver maintenance, or rehabilitative maintenance. As to the trial court's decision to award Wife incapacity maintenance, Husband's argument consists of the following paragraph:

> Although the trial court followed guidelines in awarding maintenance to Petitioner/wife pursuant to her testimony that she suffers from, *inter alia*, fibromyalgia, migraines, depression and insomnia and has no earning capacity, no medical records were introduced to support those claims. However, the court properly found that pursuant to *Luttrell v. Luttrell*, 994 N.E.2d 298 (Ind. Ct. App. 2013) Petitioner/wife is receiving Social Security benefits for disabilities and that establishes the need for maintenance. Notwithstanding that, Respondent/husband is asking this court to consider that the Social Security Administration maintains a vast agency to determine the extent of an applicant's request for disability payments and, more importantly, how much that disability is worth if it finds a disability exists. Since the Federal Government, through the Social Security Agency has made a determination of the extent of Petitioner/wife's disability and the compensation value as a monthly payment that, in this case, it seems appropriate that the court consider other factors beyond that already compensated for in constructing an order of any additional maintenance.

Appellant's Brief at 10. As best we can discern, Husband's argument is that the trial court should presume an award of Social Security disability benefits is adequate for Wife's self-support and she should have been required to adduce evidence of its inadequacy to justify an award of incapacity maintenance.

[18]     Indiana Code Section 31-15-7-2(1) provides:

> If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

[19]     The trial court's power to award spousal maintenance is within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances of the case. *Spivey v. Topper*, 876 N.E.2d 781, 784 (Ind. Ct. App. 2007). Regarding incapacity maintenance, once the trial court makes the requisite finding regarding incapacity, its discretion is "limited" regarding whether to award incapacity maintenance. *Barton v. Barton*, 47 N.E.3d 368, 375 (Ind. Ct. App. 2015). Our supreme court has observed:

> Where a trial court finds that a spouse is physically or mentally incapacitated to the extent that the ability of that spouse to support himself or herself is materially affected, the trial court should normally award incapacity maintenance in the absence of extenuating circumstances that directly relate to the criteria for awarding incapacity maintenance.

*Cannon v. Cannon*, 758 N.E.2d 524, 527 (Ind. 2001). In determining whether to ultimately award maintenance payments, the trial court should also address the ability of the other spouse to make payments. *Barton*, 47 N.E.3d at 377.

[20]     Here, Wife presented uncontroverted testimony and documentary exhibits to show that she suffers from various medical conditions, has not been employed

during the marriage, is unable to be employed prospectively, and has been awarded Social Security disability payments. Based upon this record, the trial court's requisite finding that Wife is incapacitated such that her ability to support herself is materially affected is not clearly against the logic and effect of the facts and circumstances.

## Allocation of Marital Residence Equity

[21] Finally, Husband challenges the disposition of his equity in the marital residence. He contends that "the trial court's ostensibly equal division of the marital property was in fact an uneven distribution of the marital residence equity without a finding of why that deviation should occur." We agree.

[22] Indiana Code Section 31-15-7-5 provides in relevant part, "[t]he court shall presume that an equal division of the marital property between the parties is just and reasonable." The presumption may be rebutted by a party who presents relevant evidence concerning statutory factors, including evidence as to "the earning ability of the parties." *See* I.C. § 31-15-7-5(5). Here, the trial court found that "neither party has met its burden to support an uneven distribution of marital assets and equal division is appropriate." Appealed Order at 5. The final decree also provided:

> The Court finds that [Wife] has not presented sufficient evidence to rebut the presumption of equal distribution and Orders the equity in the marital residence divided equally between the parties with each receiving an equal share of Nineteen Thousand, Six Hundred Twenty Four Dollars and fifty cents ($19,624.50). However, [Husband]'s share of the equity is awarded to the

[Wife] for lump sum payment for incapacity maintenance as earlier set out in paragraph 10. [Husband], at Final Hearing testified that he wanted ownership of the marital residence to be granted to [Wife]. The Court awards the marital residence to [Wife] as her sole property.

Appealed Order at 7.

[23] After the parties by agreement divided their personal property, the marital estate primarily consisted of the marital residence and the value, if any, of Husband's Employee Stock Option Plan.[2] The trial court's order purports to divide the marital estate equally yet issue Wife a "lien" for half the employee stock ownership plan distributions[3] and give her all equity in the marital residence. The split in Wife's favor is not supported by a requisite finding that an equal division would not be just and reasonable; indeed, the deviation from an equal split is contradicted by other language of the final decree.

[24] Wife does not address the internal inconsistency of the trial court's order, but rather observes that Husband acquiesced to Wife retaining the marital residence. During Husband's testimony, he sometimes made statements that

---

[2] The trial court stated in the final decree that the parties had agreed that the employee stock option plan had a "current value of $45,623.00." (Appealed Order at 4.) The record does not support this conclusion. Wife alleged that Husband had an interest worth $45,623.53. Her attorney advised the trial court that she was unable to obtain documentation. Husband testified that the plan was "not guaranteed," and that he had "no 401(k)" but "maybe [had] pension in the ESOP." (Tr. Vol. II, pg. 55.) No further testimony regarding the stock option plan was presented. Thus, the record does not establish whether Husband's interest in the plan was a contingent or vested interest or its current value, if any.

[3] The final decree states that Wife is to have a "lien against future distribution of that Plan." (Appealed Order at 5.)

were volunteered or non-responsive to the questions of Wife's counsel. At one point, Husband offered, "she can have the house." (Tr. Vol. II, pg. 56.) Nonetheless, the statement was not made in the context of a proposal to equally divide the stock option plan and allocate all residential equity to Wife without expectation of cash or offset. We do not agree with Wife that Husband agreed to the disposition of assets as ordered in the final decree.

[25]   Also, Wife points to the absence of statutory language prohibiting the payment of spousal maintenance from marital assets. We likewise found no such prohibition. That said, maintenance awards and property divisions differ in their characteristics. For example, a maintenance award normally involves future income and federal tax law provides the payor spouse a deduction from taxable income. *See Baker v. Baker*, 552 N.E.2d 525, 527 (Ind. Ct. App. 1990), *trans. denied*. Also, an order for payment of maintenance is subject to modification. *See* I.C. § 31-15-7-2(1) (providing for maintenance "during the period of incapacity, subject to further order of the court.") A "dispositive" factor in determining whether an award is fashioned as maintenance or a property division is whether the payment is "conditioned upon the parties' change of circumstances," such as a party's death or remarriage. *Baker*, 552 N.E.2d at 527.

[26]   Husband correctly observes that the award of real estate equity to Wife does not have the hallmarks of a maintenance award. Rather, the trial court entered a final – as opposed to modifiable – order for the disposition of marital property. The award of all real estate equity to one spouse amounted to a deviation from

the statutory presumption of an equal split. Because it was unaccompanied by a finding to support the deviation, we remand for further proceedings. The trial court may divide the marital pot equally or state its reasons for deviation. *See Alexander v. Alexander*, 927 N.E.2d 926, 941 (Ind. Ct. App. 2010) ("If a trial court deviates from an equal division it must state its reasons for doing so"), *trans. denied*.

# Conclusion

Husband is not entitled to a refund of the attorney's fees paid as a discovery sanction or to partial relief from the provisional order. The trial court did not abuse its discretion by finding that Wife's ability to support herself is materially affected by her physical incapacity. Finally, the trial court fashioned a property settlement award that deviated from an equal division of the marital assets without making requisite findings.

Affirmed in part, reversed in part, and remanded with instructions.

Crone, J., and Brown, J., concur.