## FOR PUBLICATION



**FILED**
Apr 21 2014, 9:59 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**DUSTIN T. WHITE**
White Law Practice
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEES:

**A. DAVID HUTSON**
Hutson Legal
Jeffersonville, Indiana

**DAVID A. LEWIS**
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OLD UTICA SCHOOL PRESERVATION, INC., KENNETH MORRISON, SCOTT SANDEFUR, and PAMELA SANDEFUR, | ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 10A05-1308-PL-388 |
| UTICA TOWNSHIP, JOHN DURBIN, Utica Township Trustee, JACOBS WELL, INC., KEVIN WILLIAR, JOHN POSEY, ANTHONY GLOTZBACK, and BARBARA WILLIAR, | ) ) ) ) ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Glenn G. Hancock, Special Judge
Cause No. 10C04-1210-PL-123

**April 21, 2014**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Old Utica School Preservation, Inc. ("Old Utica"), Kenneth Morrison, Scott Sandefur, and Pamela Sandefur (collectively, "the Citizens") appeal the trial court's order granting summary judgment in favor of Utica Township, John Durbin as Utica Township Trustee, Jacobs Well, Inc., Kevin Williar, John Posey, Anthony Glotzback, and Barbara Williar (collectively, "Jacobs Well"). The Citizens raise the following restated issue for our review: whether the trial court erred when it found that the Citizens did not have standing to seek declaratory judgment and granted summary judgment, dismissing the Citizens' action.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On February 12, 2002, the Greater Clark County Schools Corporation ("GCCSC") conveyed the former Utica Elementary School ("the School"), located in Jeffersonville, Indiana, to Utica Township via quitclaim deed, which was recorded by the Clark County Recorder on February 15, 2002. The quitclaim deed contained language stating that the School "shall be used by Utica Township solely[1] for park and recreation purposes," which was written to comply with Indiana Code section 20-4-5-8, now re-codified to Indiana Code section 20-23-6-9. *Appellants' App*. at 71.

After Utica Township took ownership of the School, it was open to the public to use and was available for basketball and community gatherings. Utica Township attempted to maintain the School for park and recreation purposes, but it did not have sufficient funds

---

[1] An affidavit was included in the designated evidence in which GCCSC stated that the inclusion of the word "solely" in the deed language was a scrivener's error.

to continue to do so, and the School fell into a state of disrepair. *Id.* at 82-83. Windows and doors were broken, vandals broke into the building, and damage was done to the interior of the building. *Id.* at 83. To try to protect the School from further damage, the building was boarded up, but this did not prevent further vandalism and damage. *Id.* Utica Township was paying approximately $20,000 per year to insure, secure, and maintain the School in a minimal way. *Id.*

On June 17, 2011, Jacobs Well, Inc., an Indiana non-profit corporation, organized for educational, literary, scientific, religious, or charitable purposes, leased the School from Utica Township. It thereafter invested approximately $300,000 in renovations on the School. The lease required Jacobs Well, Inc. to allow Utica Township access to the gym and cafeteria for the purposes of having community events in the School with fifteen days' notice. *Id.* at 74. Jacobs Well, Inc. made a commitment to Utica Township that it would open the building for organized, supervised, recreational activities, and for community functions. *Id.* at 78, 81, 83. GCCSC was aware of the manner in which Jacobs Well, Inc. intended to use the School, had no objection to such uses, and had not made any effort to reclaim or enforce any interest it has in the property. *Id.* at 59-60, 62, 84.

Kenneth Morrison, Scott Sandefur, and Pamela Sandefur own land adjacent to the School. Old Utica School Preservation, Inc. is a non-profit corporation with the stated purpose "to preserve the [School's] historic nature and to find ways in which to use the [S]chool for the benefit of the public." *Id.* at 126. On October 25, 2012, the Citizens filed a complaint for declaratory judgment and injunctive relief, contending that Jacobs Well was planning to use the School for purposes other than park and recreation purposes,

namely for a residence and "temporary housing or a halfway house for criminal offenders." *Id*. at 12. On December 7, 2012, Jacobs Well filed a motion for summary judgment, contending that the Citizens did not have standing to bring the complaint against Jacobs Well. Finding that the Citizens did not have standing, the trial court granted the motion for summary judgment and dismissed the complaint. The Citizens filed a motion to correct error, which was denied by the trial court. The Citizens now appeal.

## DISCUSSION AND DECISION

The Citizens appeal from the trial court's denial of their motion to correct error. Our standard of review in such cases is well established. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 181 (Ind. Ct. App. 2012) (citing *Town of Plainfield v. Paden Eng'g Co.*, 943 N.E.2d 904, 908 (Ind. Ct. App. 2011), *trans. denied*). An abuse of discretion occurs when the trial court's decision is contrary to the logic and effect of the facts and circumstances before it or the reasonable inferences therefrom. *Id*.

Here, the motion to correct error sought to set aside the entry of summary judgment. When reviewing the denial of summary judgment, our standard of review is the same as that of the trial court. *Wellpoint, Inc. v. Nat'l Union Fire Ins. Co.*, 952 N.E.2d 254, 258 (Ind. Ct. App. 2011), *trans. denied*. We stand in the shoes of the trial court and apply a *de novo* standard of review. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)), *trans. denied*. Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833

4

N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM,* 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

The Citizens argue that the trial court abused its discretion when it denied their motion to correct error because it was error to grant summary judgment in favor of Jacobs Well. They contend it was error to find that they did not have standing to file an action based on the restrictive covenant contained in the quitclaim deed, which was included in

5

the deed pursuant to Indiana Code section 20-23-6-9.[2] The Citizens assert that they have standing under the public standing doctrine, which eliminates the requirement that they have an interest in the outcome of the litigation different from that of the general public. They maintain that Utica Township has failed to use the School, as required by statute, for park and recreation purposes since leasing it to Jacobs Well, Inc. and has violated its statutory public duty by allowing its tenant to use the School for residential purposes.

The controversy in the present case is centered on the following language contained in the quitclaim deed, in which GCCSC gifted the School to Utica Township: "the same land being so described . . . and subject to the conditions set out in IC 20-4-5-8(b)[3] that said property being transferred shall be used by Utica Township solely for park and recreation purposes." *Appellants' App*. at 15.[4] Such language was included in the deed in compliance with Indiana Code section 20-23-6-9, which states in relevant part:

> This subsection applies when the consolidated governing body of a consolidated school corporation decides that property acquired under subsection (b) from a township is no longer needed for school purposes. The governing body shall offer the property as a gift for park and recreation purposes to the township that owned the property before the school was consolidated. If the township board accepts the offer, the governing body shall give the township a quitclaim deed to the property. *The deed must state that the township is required to use the property for park and recreation purposes.* If the township board refuses the offer, the governing body may sell the property in the manner provided in subsection (e).

---

[2] At the time the quitclaim deed was written, the pertinent statute was Indiana Code section 20-4-5-8. However, that statute was re-codified as Indiana Code section 20-23-6-9, and we refer to the statute at issue here as the re-codified statute.

[3] Indiana Code section 20-4-5-8 was the predecessor statute to the current Indiana Code section 20-23-6-9.

[4] An affidavit was included in the designated evidence in which GCCSC stated that the inclusion of the word "solely" in the deed language was a scrivener's error.

Ind. Code § 20-23-6-9(d) (emphasis added).

In its order granting summary judgment in favor of Jacobs Well, the trial court found the language of the deed to be a restrictive covenant that satisfied the requirements of the Indiana Code section 20-23-6-9. *Appellants' App*. at 7. It further determined that the Citizens did not have standing to bring their action because they were not parties to, nor were they intended third-party beneficiaries of, the contract at issue, the quitclaim deed, and dismissed the complaint. *Id*. at 8.

Generally, only those persons who have a personal stake in the outcome of the litigation and who show that they have suffered or were in immediate danger of suffering a direct injury as a result of the complained-of conduct will be found to have standing. *State ex rel. Cittadine v. Ind. Dep't of Transp.*, 790 N.E.2d 978, 979 (Ind. 2003). Absent this showing, complainants may not invoke the jurisdiction of the court. *Id*. (citing *Higgins v. Hale*, 476 N.E.2d 95, 101 (Ind. 1985)). It is generally insufficient that a plaintiff merely has a general interest common to all members of the public. *Id*.

The Citizens seek to avoid this general rule by invoking the public standing doctrine. The public standing doctrine has been recognized in Indiana case law for more than one hundred and fifty years. *Id*. at 980. The public standing doctrine is an exception to the general rule of standing. *Id*. at 979-80. "[T]he public standing doctrine eliminates the requirement that the relator have an interest in the outcome of the litigation different from that of the general public." *Id*. at 980. It applies in cases where public rather than private rights are at issue and in cases that involve the enforcement of a public rather than a private

7

right. *Id*. at 983. The public standing doctrine permits the assertion of all proper legal challenges, including claims that government action is unconstitutional. *Id*. In determining that the plaintiffs are shown to have the requisite degree of interest to enable them to maintain an action, we rely upon their status as citizens interested in common with other citizens in the execution of the law. *Id*. at 981 (citing *Wampler v. State ex rel. Alexander*, 148 Ind. 557, 572, 47 N.E. 1068, 1071-72 (1897)).

We note that, in determining that the Citizens did not have standing to bring this claim, the trial court only discussed whether the Citizens had standing as parties to the contract or as third-party beneficiaries. The trial court did not make any findings regarding the Citizens' standing under the public standing doctrine, which the Citizens argued both in their response to the motion for summary judgment and in their motion to correct error. Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *FLM,* 973 N.E.2d at 1173. We will affirm upon any theory or basis supported by the designated materials. *Id.* We therefore proceed to determine if the Citizens have standing under the public standing doctrine.

In *Cittadine*, a private citizen petitioned for a writ of mandamus to require the state transportation agency to enforce a statute against the railroad and any other railroad that violated a statute that required railroads to maintain public crossings under their control in a certain manner. 790 N.E.2d at 979. In reversing the trial court's determination that the petitioner lacked standing to bring the claim, as well as this court's decision affirming the trial court, our Supreme Court determined that the claim involved the enforcement of a

8

public right because the plaintiff commenced the action as a member of the motoring public, seeking to require the Indiana Department of Transportation to enforce a statute against the railroads. *Id*. at 984. Therefore, the claim was cognizable under the public standing doctrine. *Id*.

In *State ex rel. Berkshire v. City of Logansport*, 928 N.E.2d 587 (Ind. Ct. App. 2010), *trans. denied*, a citizen of the city filed a complaint against the city, claiming that it was not properly operating and managing a city park in accordance with a resolution passed by the common council. *Id*. at 590. The trial court found that the plaintiff had standing under the public standing doctrine, but dismissed the case because it was barred by the statute of limitations. *Id*. at 594. On appeal, the city cross-appealed, claiming that the plaintiff did not have standing to bring the claim because he was not a real party in interest. *Id*. at 597. A panel of this court disagreed and found that the plaintiff had standing under the public standing doctrine as a citizen who had an interest in the proper administration of a public park and that a public right was at issue, namely, the enjoyment of a public park; however, the claim was held to be time-barred. *Id*. at 599, 600.

Here, the Citizens claim that Indiana Code section 20-23-6-9(d) confers a public right upon them to have the School used for park and recreation purposes. The language of the statute provides that the governing body of a school corporation shall offer property no longer needed for school purposes as a gift for park and recreation purposes to the township that owned the property before consolidation and that the deed conveying the property shall state that the township is required to use the property for park and recreation purposes. I.C. § 20-23-6-9(d). Applying the rulings in *Cittadine* and *Berkshire*, we

9

conclude that the Citizens, and others residents of the township, have an interest in the proper administration of the School for park and recreation purposes. It is apparent that a public right, the enjoyment of the School for park and recreation purposes, is at issue because the statutory language in Indiana Code section 20-23-6-9(d) states that the school property is to be offered to the township as a gift for park and recreation purposes and that the deed shall state that the township is required to use the property for park and recreation purposes. We, therefore, conclude that the Citizens have standing to proceed with their claim under the public standing doctrine.

We note that the statutory language provides no guidance as to what townships are to do with the school property in situations such as Utica Township faced here in which it is no longer feasible to maintain the school property for park and recreation purposes. In adopting Indiana Code section 20-23-6-9, the legislature did not provide what should happen to school property when, or if, it is no longer used for park and recreation purposes in the future. It is unclear whether the property must be used for park and recreation purposes in perpetuity or if it reverts back to the school corporation when it is no longer used for those purposes or if the township can lease the property for uses that may or may not be exclusively for park and recreation purposes. We conclude only that the Citizens have standing to bring a claim under the public standing doctrine. In reaching this conclusion, we express no opinion on the issue whether the lease between Utica Township and Jacobs Well, Inc. complies with the statutory restriction on the use of the property for park and recreation purposes. We, therefore, reverse the trial court's dismissal of the Citizens' complaint and remand for further proceedings on their claims.

Reversed and remanded.

BAILEY, J., concurs.

FRIEDLANDER, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

OLD UTICA SCHOOL PRESERVATION, INC., )
KENNETH MORRISON, SCOTT SANDEFUR, )
and PAM SANDEFUR, )
　　　　　　　　　　　　　　　　　　　　　)
　　　Appellants - Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　vs. ) 　　No. 10A05-1308-PL-388
　　　　　　　　　　　　　　　　　　　　　)
UTICA TOWNSHIP, JOHN DURBIN, Utica )
Township Trustee, JACOBS WELL, INC., KEVIN )
WILLIAR, JOHN POSEY, ANTHONY )
GLOTZBACK, and BARBARA WILLIAR, )
　　　　　　　　　　　　　　　　　　　　　)
　　　Appellees - Defendants. )
　　　　　　　　　　　　　　　　　　　　　)

**FRIEDLANDER, Judge, concurring**

I fully concur in the conclusion that the Citizens have standing, pursuant to the Public standing doctrine, to pursue their claim. I write separately to express my opinion that the final paragraph of the lead opinion constitutes dicta. For purposes of resolving the present appeal, we need go no further than the determination that the Citizens have standing. This is not to say, however, that I disagree with the sentiments expressed in the final paragraph. This case illustrates that the statutes enacted by our legislature fail to address certain situations and circumstances that might arise when disposing of school buildings. Although it is not relevant to our holding in the present case, I agree with my colleagues that these gaps merit the General Assembly's attention. Subject to these comments, I fully concur in the lead opinion.

12