## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

May 18 2017, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Adam C. Squiller
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Indiana Bureau of Motor
Vehicles and the State of Indiana,

*Appellants-Defendants,*

v.

Adam Staton,

*Appellee-Plaintiff.*

May 18, 2017

Court of Appeals Case No.
57A03-1608-MI-1946

Appeal from the Noble Superior
Court.
The Honorable Robert E. Kirsch,
Judge.
Trial Court Cause No. 57D01-1604-
MI-34

### Friedlander, Senior Judge

[1] The State and the Indiana Bureau of Motor Vehicles (BMV) appeal from the
Noble Superior Court's order granting specialized driving privileges to Adam
Staton. We affirm.

[2] Although several issues are advanced in this appeal, the dispositive issue is whether the State and the BMV waived their right to appeal the portion of the Noble Superior Court's order addressing Staton's conviction in LaGrange County and subsequent lifetime suspension by failing to object at the hearing.

[3] On two separate occasions, Staton was found to be an Habitual Traffic Violator (HTV) for driving a vehicle while he knew his driving privileges were validly suspended. The first determination was to expire on January 13, 2023, and the second determination was to expire on November 13, 2023. The State and the BMV do not contest the portion of the trial court's order pertaining to these two determinations acknowledging that those suspensions were imposed by the BMV, and therefore, were administrative, rather than issued by a court order.

[4] In a separate action, Staton's license was suspended for ninety-nine years, or what could reasonably be characterized as a lifetime suspension, as a result of his felony conviction for operating while an HTV. That conviction for the felony offense was entered by the LaGrange Superior Court under cause number 44D01-1306-FD-114.

[5] On April 22, 2016, Staton filed a verified petition for specialized driving privileges under Indiana Code section 9-30-16-1 (2015), in Noble Superior Court, the county of his residence. A hearing on the petition was scheduled for May 10, 2016. The Noble County Prosecutor and the BMV were served with summonses and notices of the hearing. The Noble County Prosecutor appeared on behalf of the State and the BMV, but the BMV did not otherwise appear.

[6] The Noble County Prosecutor had no objection to the granting of the petition. In its order authorizing specialized driving privileges, the trial court noted all three HTV determinations including the conviction from LaGrange Superior Court leading to "a lifetime or indefinite bureau imposed suspension." Appellants' App. p. 6.

[7] The BMV filed a motion to intervene and a motion to correct error on June 9, 2016. The trial court granted the BMV's motion to intervene and scheduled a hearing on the motion for July 26, 2016. On July 27, 2016, the trial court issued an order denying the BMV's motion to correct error. This appeal followed.

[8] When a party appeals from the denial of its motion to correct error, we review the trial court's ruling for an abuse of discretion. *Old Utica Sch. Pres., Inc. v. Utica Twp., et al.*, 7 N.E.3d 327 (Ind. Ct. App. 2014), *trans. denied*. We will conclude there has been an abuse of discretion when we find that the trial court's decision is contrary to the logic and effect of the facts and circumstances before it or the reasonable inferences to be drawn therefrom. *Id.*

[9] The State and the BMV argue that the trial court erred by denying the motion to correct error. They allege that the trial court erred by characterizing Staton's suspension based on his conviction in LaGrange Superior Court as an administrative, BMV-ordered suspension. They further contend that because that suspension was, in their opinion, court-ordered, any petition for specialized driving privileges with respect to that suspension should have been filed in

LaGrange County. As such, they assert that the Noble Superior Court had no authority to grant Staton specialized driving privileges on a license suspension ordered by another court of equal jurisdiction.

[10] As for the merits, Staton argues that his ninety-nine-year suspension was administratively imposed and that the trial court was within its authority to grant specialized driving privileges with respect to each of his suspensions. Staton additionally argues that the State and the BMV waived any challenge to the trial court's order by failing to file a motion to dismiss the petition with respect to the lifetime suspension and by failing to object when the evidence was heard at trial.

[11] The dispositive argument here is that the State and the BMV waived any challenge to the trial court's order by not only failing to object to the issuance of the special license, but affirmatively stating at the hearing that there was no objection.

[12] The petition itself referenced only one of Staton's suspensions. The trial court's order reveals, however, that during the hearing all three license suspensions were discussed.[1]

[13] The State and the BMV respond to this argument by characterizing their position as a challenge to the trial court's subject matter jurisdiction over the

---

[1] There is no transcript of the hearing at which the merits of the special driving privileges were addressed.

suspension issued after Staton's conviction in LaGrange County. They claim that they have not waived their argument because a challenge to subject matter jurisdiction may be raised at any time.

[14] Subject matter jurisdiction involves the power of a court to hear a class of cases. *Foor v. Town of Hebron*, 742 N.E.2d 545 (Ind. Ct. App. 2001). Jurisdiction over the case is the power of the court to hear a particular case within the class of cases over which the trial court has subject matter jurisdiction. *Id.* Unlike subject matter jurisdiction, however, a party waives the issue of jurisdiction over a specific case by failing to raise that issue in a timely manner. *Georgetown Bd. of Zoning Appeals v. Keele*, 743 N.E.2d 301 (Ind. Ct. App. 2001). Venue statutes and rules prescribe the location at which trial proceedings are to occur from among the courts empowered to exercise jurisdiction. *In re Adoption of J.T.D.*, 21 N.E.3d 824 (Ind. 2014).

[15] The petition was filed pursuant to Indiana Code section 9-30-16-4. The statute provides as follows:

> (a) An individual whose driving privileges have been suspended by the bureau by an administrative action and not by a court order may petition a court for specialized driving privileges as described in section 3(b) through 3(d) of this chapter.
>
> (b) A petition filed under this section must:
>
> (1) be verified by the petitioner;
>
> (2) state the petitioner's age, date of birth, and address;
>
> (3) state the grounds for relief and the relief sought;

(4) be filed in the appropriate county, as determined under subsection (d);

(5) be filed in a circuit or superior court; and

(6) be served on the bureau and the prosecuting attorney.

(c) A prosecuting attorney shall appear on behalf of the bureau to respond to a petition filed under this section.

(d) An individual whose driving privileges are suspended in Indiana must file a petition for specialized driving privileges as follows:

(1) If the individual is an Indiana resident, in the county in which the individual resides.

(2) If the individual was an Indiana resident at the time the individual's driving privileges were suspended but is currently a nonresident, in the county in which the individual's most recent Indiana moving violation judgment was entered against the individual.

[16] The State and BMV do not contest the trial court's authority to issue specialized driving privileges for the two ten-year suspensions. They claim that those suspensions were issued by administrative action, and the petition was properly filed in a superior court in the county of Staton's residence. They do challenge the issuance of driving privileges with respect to the lifetime suspension, claiming that it was court-ordered in LaGrange County. Consequently, their argument challenges jurisdiction of the case with respect to the lifetime suspension, and not the trial court's subject matter jurisdiction. As such, any challenge based upon whether the lifetime suspension was administratively issued or court-ordered is waived because it was not timely made.

[17] Judgment affirmed.

Najam, J., and Barnes, J., concur.