# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2020, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Elbert Coleman

ATTORNEY FOR APPELLEE

Bryan K. Redmond
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Elbert Coleman,

*Appellant-Defendant,*

v.

U.S. Bank National Association, et al.

*Appellee-Plaintiff.*

March 27, 2020

Court of Appeals Case No.
19A-MF-1621

Appeal from the Marion Superior
Court

The Honorable Marc T.
Rothenberg, Judge

Trial Court Cause No.
49D07-1007-MF-29183

**Pyle, Judge.**

# Statement of the Case

Elbert Coleman ("Coleman"), *pro se*, appeals the trial court's order granting the motion to correct error filed by U.S Bank National Association ("U.S. Bank"). Coleman argues, in relevant part, that the trial court abused its discretion by granting U.S. Bank's motion to correct error. Concluding that there was no abuse of discretion, we affirm the trial court's order.

We affirm.

# Issue

> Whether the trial court abused its discretion by granting U.S. Bank's motion to correct error.

# Facts[1]

This is the fourth appeal stemming from years of proceedings in a mortgage foreclosure case that was filed in Marion County in June 2010. The mortgaged property at issue is located on Bluffgrove Drive in Indianapolis ("the property"). This foreclosure action was originally filed by Chase Home Finance LLC, which later became JP Morgan Chase Bank ("the original bank"), against Michael A. Wilson ("the original mortgagor") and numerous

---

[1] We note that many of the pleadings filed in the trial court are not contained in the record before us but are notated in the chronological case summary. For example, Coleman's April 2019 Rule 60(B) motion for relief from judgment that precipitated this current appeal is not contained in the appellate record. Pursuant to Evidence Rule 201(a)(2)(C), this Court may take judicial notice of records of a court of this state. Thus, where necessary, we will do so. We also note that Coleman has included information in his Appellant's Brief that is not part of the record below. Lastly, contrary to our appellate rules, Coleman has included argument in his Statement of Facts and has not included citations to the appellate record for his assertions.

other defendants,[2] including "The Unknown Tenant" residing at the property. (Appellee's App. Vol. 2 at 28). Coleman was later named as a defendant in 2012 due to a land contract he had previously entered with the original mortgagor. U.S. Bank, as trustee for the original bank, was substituted as the plaintiff in 2014.

[4] After Coleman was added as a defendant, he did not file an answer to the complaint. Instead, he began filing, what would become, a flurry of *pro se* pre-judgment and post-judgment motions, many of which are not contained in the record before us but are notated in the chronological case summary. In November 2012, Coleman filed a motion to dismiss the complaint and a counterclaim for wrongful foreclosure, arguing that the bank lacked standing and authority to enforce the mortgage and note. In February 2013, the trial court denied Coleman's motion to dismiss, and Coleman then filed a motion to set aside the order denying his motion to dismiss. A few days later, he filed a second motion to dismiss. The trial court denied Coleman's second motion to dismiss and his motion to set aside the order on the first motion to dismiss in March 2013, and Coleman filed an appeal that was thereafter dismissed with prejudice.

---

[2] These other defendants—which included individuals, government entities, banks, insurance companies, and other companies—had previously obtained a judgment against the original mortgagor, and the original bank named them as defendants for any interest they might claim in the property.

[5] The trial court entered default judgment against Coleman in April 2014 ("April 2014 Judgment"). He then filed a motion to set aside the April 2014 Judgment, which the trial court denied. Coleman did not appeal the April 2014 Judgment; instead, he filed a second motion to set aside the April 2014 Judgment. The trial court denied this second motion in May 2014.

[6] Despite the judgment against him, Coleman continued to file numerous *pro se* motions. In November 2014, the trial court granted the original bank's motion to substitute U.S. Bank, which was the original bank's trustee, as the party plaintiff. Coleman then filed a motion to set aside the trial court's substitution order, which the trial court denied.

[7] Thereafter, in January 2015, the trial court entered summary and default judgment against the remaining defendants, and the trial court granted a decree of foreclosure. When the trial court ordered the property to be sold by the sheriff, it noted that U.S. Bank had a first-priority lien against the property. A few days later, Coleman filed a motion to reconsider, which was deemed denied pursuant to Trial Rule 53.4. Coleman then commenced his second appeal from this case, and this appeal was dismissed with prejudice.

[8] After a date was set for the sheriff's sale, Coleman then filed a bankruptcy petition, and the underlying case was stayed. Coleman's bankruptcy petition was ultimately dismissed in December 2015.

[9] In June 2016, the trial court set another date for the sheriff's sale to take place at the end of July 2016. Coleman then filed a motion for relief from judgment

pursuant to Trial Rule 60(B), arguing that the bank lacked standing and authority to enforce the mortgage and note and had committed fraud on the court. He also asserted that the bank had committed negligent misrepresentation, slander of title, and intentional infliction of emotional distress. Coleman also filed a motion for a temporary restraining order, seeking to enjoin the sheriff's sale. The trial court denied both of Coleman's motions.

[10] The sheriff's sale was held in July 2016, and U.S. Bank was the purchaser of the property. In September 2016, upon a motion for writ of assistance filed by U.S. Bank, the trial court granted the motion, ordering possession of the property to be delivered to U.S. Bank and ordering the sheriff to assist in the eviction of Coleman and any other person from the property.

[11] Thereafter, Coleman filed another motion for relief from judgment, again arguing that the bank lacked standing and authority to enforce the mortgage and note and that the bank had committed fraud, negligent misrepresentation, slander of title, and intentional infliction of emotional distress. In this motion, Coleman also sought to set aside the sheriff's sale and writ of assistance. Additionally, Coleman filed a motion for a temporary restraining order, an emergency motion to stay the writ of possession, and an emergency motion to set aside the eviction. The trial court denied Coleman's motions, noting that Coleman's motion for relief from judgment and motion for a temporary restraining order were "duplicative." (Appellee's App. Vol. 3 at 40). Coleman

then commenced his third appeal from this case, and this appeal was dismissed with prejudice in May 2017.[3]

[12] Two years later, on April 26, 2019, when a new judge was presiding over the trial court where the mortgage foreclosure case was pending, Coleman filed another Trial Rule 60(B) motion for relief from judgment. In this motion, he sought to set aside the April 2014 Judgment and the July 2016 sheriff's sale with prejudice. Coleman again argued that the bank lacked standing to enforce the mortgage and note and that it had committed fraud on the court. Additionally, he argued that the original bank's attorneys had violated INDIANA CODE §§ 33-43-1-6, -7, and -8, which pertain to the practice of law by attorneys.[4] Specifically, Coleman asserted that the attorneys for the original bank had

---

[3] During the pendency of the third appeal, Coleman continued to file *pro se* motions with the trial court.

[4] Section 6 of this statute provides that:

> The court or judge may:
>   (1) on motion of either party that shows reasonable grounds; or
>   (2) without a motion;
> require an attorney to produce and prove the authority under which the attorney appears. The court *may stay all proceedings* by the attorney on behalf of the party for whom the attorney assumes to appear until the attorney produces and proves authority to appear.

I.C. § 33-43-1-6 (emphasis added). Section 7 provides as follows:

> If a party alleges that an attorney appears *on behalf of the party* without the party's authority the court may, at any stage of the proceedings, relieve the party from the consequences of the attorney's act. The court may also, summarily or upon motion, compel the attorney to repair the injury consequent upon the attorney's assumption of authority.

I.C. § 33-43-1-7 (emphasis added). Lastly, Section 8 provides that:

> (a) An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor.

> (b) A person who is injured by a violation of subsection (a) *may bring a civil action* for treble damages.

I.C. § 33-43-1-8 (emphasis added).

committed a fraud on the trial court because they did not have authority to appear for the bank and that the attorneys had deceived the trial court by appearing without authority to file the foreclosure action. Three days later, on April 29, 2019, trial court—without allowing a response from U.S. Bank or holding a hearing on the motion—signed Coleman's proposed order, thereby granting Coleman's 60(B) motion ("April 29 Order").

[13] Two weeks later, on May 14, 2019, Coleman filed a motion to amend the April 29 Order. Specifically, he sought to add the address and property description to the April 29 Order. On June 4, 2019, the trial court signed Coleman's proposed order and granted his motion to amend the April 29 Order ("June 4 Order"). The trial court, however, edited the proposed order to reflect that the prior judgment and sheriff's sale were set aside and dismissed "without" prejudice. (App. Vol. 2 at 17).

[14] Thereafter, on June 21, 2019, U.S. Bank filed a motion to correct error, seeking to have the trial court vacate the April 29 and June 4 Orders and to deny Coleman's 60(B) motion for relief from judgment. In its motion, U.S. Bank argued that the trial court should vacate its prior orders granting relief to Coleman for three reasons. First, U.S. Bank pointed out that Coleman's 60(B) motion was repetitive, more specifically that it was his eighth motion for relief from judgment in which he had made an underlying challenge to the bank's authority to file the foreclosure. U.S. Bank also noted that the trial court and the Court of Appeals had already rejected Coleman's argument, and it argued that the trial court should follow the rule of the case doctrine and vacate its

prior orders granting relief to Coleman. Second, U.S. Bank argued that Coleman's 60(B) motion, in which he sought to set aside the April 2014 Judgment and the July 2016 sheriff's sale based on fraud, was untimely because he filed it more than one year after those judgments had been entered. Third, U.S. Bank, citing Trial Rule 60(D),[5] argued that the trial court was required to hold a hearing on Coleman's 60(B) motion before granting it.

[15] The following day, the trial court issued an order granting U.S. Bank's motion to correct error ("June 22 Order"). The trial court vacated its prior April 29 and June 4 Orders and denied Coleman's 60(B) motion for relief from the April 2014 Judgment and July 2016 sheriff's sale. In its order, the trial court also ordered that, pursuant to Trial Rule 53.4, any "additional motions" filed by Coleman would be "automatically deemed denied upon filing." (App. Vol. 2 at 20).

[16] On June 26, 2019, Coleman filed a motion to correct error, which the trial court denied. Thereafter, on July 8, 2019, Coleman filed an amended motion to correct error, which the trial court also denied. Coleman now appeals.

## Decision

[17] Coleman, *pro se*, is appealing the trial court's order granting U.S. Bank's motion to correct error. He does not challenge the trial court's denial of his motions to

---

[5] Rule 60D) provides, in part, that "[i]n passing upon a motion allowed by [Trial Rule 60](B) . . . the court shall hear any pertinent evidence . . . ."

correct error. Our standard of review in such cases is well-established. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Old Utica School Preservation v. Utica Tp.*, 7 N.E.3d 327, 330 (Ind. Ct. App. 2014), *trans. denied*.

[18]    Initially, we note that Coleman proceeds *pro se* in this appeal.

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. These consequences include waiver for failure to present cogent argument on appeal. While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.

*Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal quotation marks and citations omitted), *reh'g denied*. *See also Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (explaining that a "pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented").

[19]    Here, U.S. Bank filed a motion to correct error, arguing that the trial court should vacate its prior orders granting relief to Coleman and deny his 60(B) motion because, among other reasons: (1) Coleman's 60(B) motion was repetitive because his underlying challenge to the bank's authority to file the

foreclosure had previously been raised multiple times and had been rejected by the trial court and appellate court; and (2) Coleman's 60(B) motion, in which he sought to set aside the April 2014 Judgment and the July 2016 sheriff's sale based on fraud, was untimely because he filed it more than one year after those judgments had been entered. The trial court granted U.S. Bank's motion to correct error, vacated its April 29 and June 4 Orders, and denied Coleman's 60(B) motion.

[20] On appeal, Coleman's challenge to the trial court's order is primarily procedural. Coleman argues that the trial court abused its discretion by granting U.S. Bank's motion to correct error, contending that the motion was untimely. Pursuant to Indiana Trial Rule 59, a motion to correct error "shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the Chronological Case Summary." Ind. Trial Rule 59(C). Coleman argues that U.S. Bank's motion to correct error was untimely because it was not filed within thirty days of the trial court's April 29 Order. Coleman, however, ignores the fact that he filed a motion to amend the April 29 Order. On June 4, 2019, the trial court issued the June 4 Order, which granted Coleman's motion and amended the April 29 Order. Then, on June 21, 2019, within thirty days of the trial court's June 4 Order, U.S. Bank filed a motion to correct error. Because U.S. Bank's motion was timely filed, we reject Coleman's argument that the trial court should have denied U.S. Bank's motion based on an untimely filing.

In Coleman's remaining appellate argument, he does not challenge the substance of U.S. Bank's arguments that led to the trial court granting the motion to correct error. Instead, Coleman simply recycles the arguments he raised in his 60(B) motion, and indeed his other motions for relief, arguing that the judgment against him should be set aside because the bank had committed fraud and lacked authority. Aside from the motion being repetitive,[6] it was filed more than one year after the judgment that Coleman was challenging. *See* Trial Rule 60(B) (providing that a motion to set aside a judgment based on fraud must be filed not more than one year after entry of the judgment). Thus, Coleman has failed to show that the trial court abused its discretion by granting U.S. Bank's motion to correct error. Accordingly, we affirm the trial court's judgment.

Affirmed.

Robb, J., and Mathias, J., concur.

---

[6] We recognize that, unlike prior motions challenging the judgment, Coleman argued that the original bank's attorneys had violated INDIANA CODE §§ 33-43-1-6, -7, and -8, which pertain to the practice of law by attorneys. However, his alleged violations of the statutes were based on an underlying argument of fraud or a lack or authority, which he had previously raised. Moreover, his reliance on these statutes to get his judgment set aside is misplaced. *See* I.C. § 33-43-1-6 (explaining that a trial court may "stay" a proceeding until an attorney produces authority to appear); I.C. § 33-43-1-7 (relating to a challenge by a party who alleges that an attorney appears "on behalf of the party without the party's authority[,]" not on behalf of the opposing party); I.C. § 33-43-1-8(b) (providing that a party who is injured by an attorney's deceit "may bring a civil action for treble damages").